## STRONG v. AETNA CASUALTY & SURETY CO.

### No. 13367.

Court of Civil Appeals of Texas. Dallas.

April 16, 1943.

787

Wright K. Smith, of Dallas, for appellant.

Cramer & Green, of Dallas, for appellee.

BOND, Chief Justice.

This is an appeal from a judgment denying appellant compensation for injuries alleged to have been received by him while in the course of his employment. The only points at issue on the appeal are directed to the action of the court in submitting to the jury a controversial fact is-

sue as to whether the present disability of plaintiff was the natural result of, or was caused directly by a blister on his toe.

The court submitted to the jury, over appellant's timely objection, the issue: "Do you find from a preponderance of the evidence that the present disability of the plaintiff, B. H. Strong, is a natural result of the blister, if any, of October 15, 1940?" In connection with this issue, the court gave in charge a definition of injury and natural result, "injury" meaning "damage or harm to the physical structure of the body and such diseases or infections as naturally result therefrom"; and "natural result," as "a condition which flows naturally and directly from the events or matter inquired about." In lieu of the submitted issue and supporting definitions, appellant proposed a special issue: "Do you find from a preponderance of the evidence that the blister, if any, sustained by the plaintiff on or about October 15, 1940, was a producing cause of his present disability?"; and in connection therewith, submitted a definition of "producing cause," as used in the charge, as "that cause which in a natural and continuous sequence, produces the disability in issue, and without which such disability would not have occurred. There may be more than one producing cause." The court refused submission of the proposed issue and supporting definition.

■ We think there is but little, if any, material difference in the charge submitted by the court and the one proposed by appellant; each having for its purpose the determination of the controversial issue of whether an alleged blister, formed on appellant's toe as the result of walking in the course of his employment, caused or contributed to cause his alleged disability, or whether his present disabilities caused the blister. The jury determined that his disabilities were not the natural result of the blister; in other words, that his disabilities caused the blister, and not the blister, the disabilities.

Plaintiff, in pleadings and proof, grounded his action on a blister formed on his fourth toe of his right foot as the result of walking in the course of his employment (collecting insurance premiums for Guardian Life Insurance Company), which blister was thereafter aggravated by striking his toe against a steel rung of a chair, resulting in the amputation of the toe and general bodily debility; for which he

sought compensation from appellee, the insurance carrier. Appellee countered that appellant was suffering from a malignant melanoma of the toe, which spread to different parts of his body, and progressed until malignant tumors formed on his chest, neck, groins and back. On the issue, Dr. John L. Goforth testified, in answer to hypothetical questions detailing appellant's disabilities, as follows:

"I have already stated that so far as I know there is no evidence to support the causal relationship between an injury and the development of the tumor. It is accepted among pathologists that an injury may have an influence on a tumor under certain conditions, in other words an injury may influence its behavior, but the injury has nothing to do with its origin. My own interpretation of the assumption that you have given would be this, that there existed on this man's toe for an unknown period of time a tumor which undoubtedly belonged to the melanoma family because that has been proved. This tumor evidently was quiet for a period of time, but for some reason it began to act up, or it began to assume a malignant behavior and I think all of the things you have talked about are manifestations of the malignant behavior of this tumor, and I would expect it to do just exactly what it is reputed to have done, namely, spread to different parts of the body, because that type of tumor does exactly that.

"Q. But the question we have here is whether or not the blister on the inside of his toe caused the malignant melanoma? A. I think it is the other way around. I think the melanoma would cause the toe to be a little larger than it was and that in turn made that toe rub against the shoe perhaps and a blister resulted; I think it would be that way. I see no connection at all between the striking of the toe against the chair and the development of this tumor. There is no evidence, as I said a moment ago, that I know of, that an injury has ever produced a tumor or has ever started a tumor or in any way was the cause of a tumor. I think very probably the amputation of the toe was justified as an attempt to cure the condition, because when a tumor is present of this type, about the only way you can cure it is to remove it physically. I think however that this tumor at that time was already spread to other parts of the body, therefore the cure hoped for was not obtained. In retrospect,

I can answer your question by saying it was useless. At that time there was no way to determine or guess even that the tumor had spread; those different deposits in different parts of the body at that time were so very slight that they could not be detected, but in that period of time since, they have grown—you can see it. There is no specific treatment to eradicate the disease that I know of."

■ It may well be conceded that appellant was suffering from a malignant melanoma of his toe, at the time of his alleged injury, with invasion and disease of the bone and lymphatic glands, and that such condition had spread throughout his whole body, thus causing total and permanent disability; but the compensatory issue involved is—was such disability, that is, the malignant melanoma, of his toe, the direct and natural result of a blister on his toe? To be compensatory under Texas Workmen's Compensation Law, Art. 8309, Sec. 1, Subd. 5, R.S., the disease or infection must "naturally result" from the injury. The charge of the court defining "natural result" was in terms of the statute, and the findings of the jury, in effect, were that the injury, or blister, did not cause or contribute to cause his disability, and, we think, is conclusive of the issue. Very evidently, if appellant's disability was not the natural result and flowing directly from the injury alleged, appellant could not recover. There is no distinguishable difference between appellant's proposed charge and that given by the court. The charge of the court was not calculated to confuse the jury on the controlling point, but, on the contrary, simplified the issue. The terms "producing cause," as proposed by appellant and "natural result," submitted by the court, are synonymous. " 'Producing' means bringing about; to cause to happen or take place, as an effect or result. 'Natural' or 'naturally' means arising under the ordinary operation of physical laws; produced in the course of nature; resulting in the ordinary course of things." Travelers Ins. Co. v. Johnson, Tex.Civ. App., 84 S.W.2d 354, 359. A "natural result," in provision of Workmen's Compensation Law, supra, is the direct causal connection between injury and disease. So, we think, the history of appellant's affliction raises the issue submitted by the court, and the evidence supports the findings of the jury. "Producing cause" and "natural result" are not such legal terms as should

have been defined, but, having correctly defined "natural result" as "a condition which flows naturally and directly from the events or matter inquired about," the trial court did not err in submitting the issue. The judgment of the court below is affirmed.

Affirmed.