**LAYNE GLASS COMPANY, Appellant,**

v.

**E. M. PARKER, D/B/A Parker Glass & Mirror Co., Appellee.**

No. 16140.

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 28, 1960.

Rehearing Denied Nov. 25, 1960.

Maclin & Maclin, and Robert J. Maclin, Fort Worth, for appellant.

Gragg & Storey and Charles H. Storey, Dallas, for appellee.

RENFRO, Justice.

Parker Glass & Mirror Company brought suit on a sworn account against Gaylord T. Van Y, d/b/a Layne Glass Company. Defendant entered a sworn denial to the total account. From a judgment on the verdict for the plaintiff, the defendant appealed.

Defendant in points 1 and 4 contends the court erred in (a) failing to allow defendant any time to object to the court's charge; (b) failing to allow defendant any time to request a trial amendment setting up accord and satisfaction as a defense; and (c) giving additional instructions to the jury after it had retired to the jury room.

The court refused to approve defendant's tendered bills of exception, which, if approved, would have supported his contentions. On the contrary, the qualified bill approved by the trial court stated that defendant was given ample time to take exceptions to the charge, and did take exceptions

thereto; after the charge was read to the jury defendant requested leave to file a trial amendment, but did not state what the trial amendment would be; that the additional instruction was offered to the jury by agreement of both counsel and no objection was taken thereto by either counsel.

■ The burden was on defendant to support his claim of error with a bill of exceptions which clearly and accurately reflected the circumstances and rulings complained of. 4 Tex.Jur.2d 39, sec. 507.

■ As qualified by the judge, reversible error is not reflected by the bill.

The other points contend the court erred in overruling defendant's motions for verdict and new trial because of no evidence to sustain a verdict for plaintiff; and in overruling his special exception to lack of itemization in plaintiff's petition.

The owner of plaintiff Company testified that all prices shown on the invoices introduced in evidence were agreed to between the parties. Two separate accounts, designated as general account and Shady Oaks account, were maintained with defendant. Plaintiff introduced receipted delivery tickets and invoices for each item delivered to defendant; he testified that all the glass, etc., shown on the invoices and receipts were delivered to defendant; that all payments received from defendant had been credited to his account, and that all "returns" had been credited to defendant's account, leaving a balance due on the general account in the sum of $1,329.65, and due on the Shady Oaks account in the sum of $822.20.

■ Defendant contended he had paid for all glass, etc., received, except some that had been returned to plaintiff. The credibility of the witnesses was within the province of the jury. Viewing the evidence in the light most favorable to the verdict, we find the evidence sufficient to support the jury's verdict for the sums heretofore set out; hence, the trial court did not err in refusing to grant defendant's motion for in-structed verdict and in overruling his motion for new trial.

■ While the "exhibit" attached to plaintiff's petition was lacking in proper "itemization" as charged by defendant, when defendant denied the claim in toto the burden was on plaintiff to prove his claim by a preponderance of the evidence. Word v. J. E. Earnest & Co., Tex.Civ.App., 129 S. W.2d 833 (J. E. Earnest & Co. v. Word, 137 Tex. 16, 152 S.W.2d 325); Burtis v. Butler Bros., Tex.Civ.App., 243 S.W.2d 235.

■ As stated above, plaintiff did prove his claim by competent evidence. He did not rely upon the "exhibit" which had lost its character or prima facie evidence of indebtedness when defendant denied the account by sworn denial. H. G. Berning, Inc. v. Waggoner, Tex.Civ.App., 247 S.W.2d 570. We hold therefore that the action of the court in overruling defendant's exception was harmless. Rule 434, Texas Rules of Civil Procedure.

Judgment affirmed.

BOYD, J., not participating.