**Early D. JACKSON, Jr., Appellant,**

v.

**INTERNATIONAL SERVICE INSURANCE COMPANY, Appellee.**

No. 17078.

Court of Civil Appeals of Texas,
Fort Worth.

Feb. 6, 1970.

Rehearing Denied March 6, 1970.

George Busch, Fort Worth, for appellant.

Richard U. Simon, Jr., Fort Worth, for appellee.

## OPINION

BREWSTER, Justice.

This was a Workmen's Compensation case. After a jury verdict was returned for the defendant insurance company, the trial judge rendered judgment for defendant and the plaintiff has appealed. The parties will be referred to here as they were in the trial court.

We affirm the trial court's judgment.

Special Issue No. 2 of the charge asked whether the plaintiff sustained any total disability as a natural result of the injury. The jury answered "No." In answer to Issue No. 1 the jury found that plaintiff was injured on October 9, 1968.

Issue No. 5 asked whether plaintiff has sustained or will sustain any partial disability as a natural result of the injury. The jury answered "No."

The trial court also submitted Issue No. 10 in the charge. It asked whether the plaintiff's injury in question was a producing cause of any total disability. The jury answered "No."

Issue No. 11 of the charge asked whether the plaintiff's injury in question was a producing cause of any partial incapacity. The jury answered "No."

Plaintiff's first 10 points in his brief are argued together. He there contends that the trial judge rendered an erroneous judgment in the case for the reasons set out in the next paragraph of this opinion.

Plaintiff contends that the jury's answers to Issues 2, 5, 10 and 11 are against the great weight and preponderance of the evidence, that the evidence is insufficient to support such answers, and that there is no evidence to support such answers. He also contends that the court's finding that plaintiff sustained no disability as a natural result of his October 9, 1968 injury is erroneous because the jury did not find that and because there is no evidence to support such finding.

■ Where a great weight and preponderance of the evidence question is raised on an appeal the Court of Civil Appeals is required to weigh and consider all of the evidence in the case. McPherson v. Billington, 399 S.W.2d 186 (Amarillo Tex. Civ.App., 1965, ref. n.r.e.) and Chantly v. Chrystal, 274 S.W.2d 765 (Fort Worth Tex.Civ.App., 1955, dism.). This is also true of sufficiency of the evidence questions. Hambrick Consolidated v. Walker, 269 S.W.2d 923 (Texarkana Tex.Civ.App., 1954, no writ hist.).

We have carefully examined the entire record in the case and conclude that there is evidence and sufficient evidence in the record to support the jury's answers to Issues 2, 5, 10 and 11, and that the jury's answers to such issues are not so against the great weight and preponderance of the evidence as to be manifestly unjust and clearly wrong. Plaintiff's first 10 points in its brief are overruled.

■ The law does not require the Court of Civil Appeals, where a case is being affirmed, to set out the evidence pro and con in passing upon points such as the ones above mentioned. Hunt v. Merchandise Mart, Inc., 391 S.W.2d 141 (Dallas Tex. Civ.App., 1965, ref. n.r.e.) and Thaxton v. Reed, 339 S.W.2d 241 (Dallas Tex.Civ. App., 1960, ref. n.r.e.). 4 Tex.Jur.2d, p. 435, note 9.

Plaintiff's points eleven and twelve are to the effect that the trial court erred in overruling plaintiff's motion for new trial because the evidence was insufficient to support the jury's answer to Issue No. 9

and because there was no evidence to support the jury's answer to such issue.

Issue No. 9 read: "Do you find from a preponderance of the evidence that Plaintiff's disability or loss of wage earning capacity at this time is not the sole result of conversion hysteria?" The jury answered: "It is the sole result of conversion hysteria."

We believe the evidence is sufficient to support the jury's answer to Issue No. 9. But regardless of whether there is sufficient evidence to support such answer or not this point has become immaterial because of our conclusion that there is sufficient evidence in the record to support the jury's answers to Issues Nos. 2, 5, 10 and 11. If plaintiff's injury of October 9, 1968, was not a producing cause of any partial or total disability in plaintiff, as found by the jury, then the jury's answer to Issue No. 9, whatever such answer might be, could not affect the judgment in the case and is immaterial because such other findings already compel a judgment for defendant.

Plaintiff's eleventh and twelfth points are overruled.

Plaintiff argues its 13th, 14th, 15th and 16th points together.

Plaintiff says in Points 13 and 14 that the trial judge erred in overruling his objections to Issues 10 and 11 of the charge.

In points 15 and 16 plaintiff contends that the trial judge erred in submitting Issues 10 and 11 because he had already submitted the same matter to the jury in Issues Nos. 2, and 5 of the charge.

The substance of Issues 2, 5, 10 and 11 and the jury's answers thereto have heretofore been set out in this opinion.

Plaintiff objected to Issue No. 10, contending that it was substantially the same as Issue No. 2 and that by submitting both issues the trial court placed a greater burden on plaintiff than was required by law and gave defendant "two bites at the same apple."

Plaintiff objected to Issues 5 and 11 of the charge for substantially the same reasons.

The following is quoted from 62 Tex. Jur.2d, p. 673, § 102: "A natural result is a condition that flows naturally and directly from the events or matter inquired about. It is a result arising under the ordinary operation of physical laws; in other words, it is produced in the course of nature. The term 'natural result' thus corresponds exactly to the term 'producing cause;' * * *."

The Supreme Court of Texas has defined "producing cause" as " 'that cause which, in a natural and continuous sequence, produces the death * * * in issue, and without which the death * * * would not have occurred.' " Jones v. Traders & General Ins. Co., 140 Tex. 599, 169 S.W.2d 160 (Tex.Comm.App., 1943).

It has been held in a Workmen's Compensation case such as this that where the court's charge submitted an issue inquiring as to whether plaintiff's total incapacity, if any, was a "natural result" of the accidental injury, if any, sustained by him that it was not necessarry to also submit an issue inquiring as to whether plaintiff's injury in question was the "producing cause" of his total incapacity, if any. The court said this was true because the two issues would submit to the jury substantially the same question twice. Argonaut Underwriters Insurance Co. v. Byerly, 329 S.W.2d 937 (Beaumont Tex.Civ.App., 1959, ref., n.r.e.).

The case of Strong v. Aetna Casualty & Surety Co., 170 S.W.2d 786 (Dallas Tex. Civ.App., 1943, no writ hist.), held that the terms "producing cause" and "natural result", within the meaning of the Workmen's Compensation Law, are synonymous.

When this reasoning is applied to this case it is apparent that when the trial judge submitted Issues Nos. 2 and 10 of

the charge that he submitted substantially the same issue to the jury twice.

The same thing occurred when he submitted Issues Nos. 5 and 11. They both inquire of substantially the same thing.

There is no question but what the trial court erred in submitting Issue No. 10 in addition to Issue No. 2 and in submitting Issue No. 11 in addition to Issue No. 5. In each instance it amounted to submitting the same ultimate issue to the jury twice.

The Supreme Court of Texas in Holmes v. J. C. Penney Company, 382 S.W.2d 472 (1964) held that the act of a trial court in submitting the same fact issue to the jury twice, whether in identical language or in similar form, is erroneous, but not necessarily prejudicial.

That court held that in cases where such submissions are made by a trial court and error thus committed that the appellate court shall apply Rule 434, Texas Rules of Civil Procedure in determining whether or not to reverse the case. Applying that rule and Rule 503, T.R.C.P., to the Holmes case, the Supreme Court held that such an error, under the facts of that case, was harmless error and affirmed the trial court.

Other cases holding double submission of the same issue, under the particular facts of those particular cases, to be harmless error, are Denton County Electric Co-op., Inc. v. Burkholder, 354 S.W.2d 639 (Fort Worth Tex.Civ.App., 1962, ref., n.r.e.) and Otwell v. C. S. Scott Truck Lines, 425 S. W.2d 9 (Texarkana Tex.Civ.App., 1968, no writ hist.).

When the rule announced by those cases is applied here, we believe that the errors complained of, committed in connection with the submission of these issues, were harmless under the facts of this case. We do not believe that the record here demonstrates that the duplicate submission influenced the jury to return a different verdict from what it would have returned in the absence of such duplication.

By his seventeenth point plaintiff says the trial court erred in entering judgment and in taxing the costs against him.

He argues that under Art. 8306, Sec. 7, Vernon's Ann.Civ.St., that if plaintiff sustains an on the job injury, the insurance carrier is obligated thereafter to furnish to plaintiff such medical services as he thereafter reasonably and necessarily needs in the treatment of such injury. Plaintiff admits that the right to recover for such services *does not accrue* until after the particular medical services have been rendered.

In answer to Issue No. 1 of the charge the jury found that the plaintiff did sustain an injury on or about October 9, 1968. By the verdict, filed May 13, 1969, the jury found that plaintiff did not prove by a preponderance of the evidence that he sustained any total disability as a natural result of such injury and that plaintiff did not prove by a preponderance of the evidence that he has sustained or will sustain any partial disability as a natural result of such injury. No effort was made in this case by plaintiff to recover for any past medical services and he requested no issues in the charge covering that feature of the case.

The judgment rendered in the case was a take nothing judgment in favor of defendant and taxing all costs against plaintiff.

Plaintiff argues that the result of this suit has been to establish his right to recover from defendant the cost of any future medical expense that he might later incur in the treatment of such injury.

We overrule plaintiff's seventeenth point.

Rule 131, T.R.C.P., provides: "The successful party to a suit shall recover of his adversary all costs incurred therein, except where otherwise provided."

The judgment rendered in this case denied plaintiff all the relief that he sought

to recover and denied him all the relief that he could have possibly obtained as of the date the judgment was rendered.

We hold that the trial judge correctly taxed the costs in line with the provisions of Rule 131, T.R.C.P.

The trial court's judgment is affirmed.