Pauline Wynne **MULLER**, Appellant,

v.

Robert Norris **REEHER**, Appellee.

No. 17587.

Court of Civil Appeals of Texas, Fort Worth.

Feb. 28, 1975.

Brown, Crowley, Simon & Peebles, and M. Hendricks Brown, Fort Worth, for appellant.

Dushman, Greenspan, Kensel & Friedman, and Lowell E. Dushman, Fort Worth, for appellee.

OPINION

BREWSTER, Justice.

This is a suit for damages for personal injuries sustained in a rear-end car wreck. The plaintiff, Robert Norris Reeher, was travelling east and had stopped his car in the left lane to the right of a double yellow stripe in the center of the road. He did this in preparing to make a left turn into a glass company's place of business. There was no break in the double stripe at the point where plaintiff had stopped. While in this stopped position the plaintiff's car was struck from the rear by a car driven by the defendant, Pauline Muller.

Following a jury trial, judgment was rendered for the plaintiff for $25,000.00 and defendant has appealed.

We affirm.

During the jury's deliberations they sent out a question directed to the trial court inquiring as follows: "Is it legal to cross a double yellow stripe to make a left turn?" In response to that question the trial court gave the jury the following instruction: "Concerning your .. . . question, you are instructed that it is legal to cross a double yellow stripe to make a left turn 'into a private . . . driveway'."

In appellant's first and second points of error she contends that the trial court committed reversible error in giving that instruction to the jury in response to their question.

We overrule those two points.

The record does not show that appellant made any timely objection to the court's action in giving the instruction, and counsel for appellant admitted in his argument that he made no objection to the giving of the instruction prior to the time the court gave the instruction to the jury. The first complaint shown by the record to have been made by appellant to the giving of the instruction appears in appellant's motion for new trial.

The following is from Layne Glass Company v. Parker, 340 S.W.2d 363 (Fort Worth Civ.App., 1960, no writ hist.): "The burden was on defendant to support his claim of error with a bill of exceptions which clearly and accurately reflected the circumstances and rulings complained of."

Where no proper bill of exceptions is shown to have been presented as to the point complained of no reversible error is shown. Dirks v. Dirks, 302 S.W.2d 471 (San Antonio Civ.App., 1957, writ dism.).

Rule 286 Texas Rules of Civil Procedure provides: "After having retired, the jury may receive further instructions of the

court touching any matter of law, either at their request or upon the court's own motion. . . . no instruction shall be given except in conformity with the rules relating to the charge."

Rule 274, T.R.C.P., provides: "A party objecting to a charge must point out distinctly the matter to which he objects and the grounds of his objection. Any complaint as to an instruction, . . . on account of any defect, . . . shall be deemed waived unless specifically included in the objections."

■ We hold that appellant in this case waived any complaints that he might have had to the instruction involved here by not making any objections at all to it either before or at the time the court gave the instruction to the jury. The rules above referred to and the following cases support our holding. Southerland v. Porter, 336 S.W.2d 841 (Syl. 17) (Amarillo Civ.App., 1960, ref., n. r. e.); Dirks v. Dirks, supra; Layne Glass Company v. Parker, supra; and Colls v. Price's Creameries, 244 S.W. 2d 900 (El Paso Civ.App., 1951, ref., n. r. e.)

The appellant in her point of error No. 3 contends that there is no evidence, or in the alternative insufficient evidence, to support the jury's answers to issue No. 8(a), (b), (c) and (d). The jury in answer to that issue awarded $5,600.00 for loss of earnings in the past, $8,000.00 for loss of earning capacity in the future, $3,500.00 for physical and mental pain in the past, and $2,000.00 for future physical and mental pain.

Appellant in her 3rd point also contends that those findings are against the overwhelming weight and preponderance of the evidence.

In her 4th point of error appellant makes the same contention with reference to the jury's answer to special issue No. 10, wherein the jury found an amount of $6,-250.00 for medical and hospital bills in the future.

In the 5th point of error appellant contends that the jury's finding of $6,250.00 for future medical and hospital bills is so excessive as to show that the jury was motivated by bias, prejudice and other improper motives and that the court should require a remittitur of a part of that sum.

We overrule appellant's 3rd, 4th and 5th points of error.

■ Because of the nature of the contentions made under these points we are required to weigh and consider all of the evidence in the case. See the cases cited on this point in Jackson v. International Service Insurance Co., 450 S.W.2d 896 (Fort Worth Civ.App., 1970, ref., n. r. e.).

■ We have examined all of the evidence and conclude that there is evidence and sufficient evidence in the record to support each of the jury findings complained of. We also hold that the jury findings are not so against the overwhelming weight and preponderance of the evidence as to be manifestly wrong.

The nature of plaintiff's injuries, the pain and suffering he says he has undergone to trial time, the fact that he has been in the hospital about five times for treatment of his injuries, the fact that he still hurts badly, and his work record since the collision are detailed in the testimony of the plaintiff and Dr. Miller. The plaintiff is 33 years old. Dr. Miller testified that his impaired physical condition is in reasonable probability permanent and that in his opinion it will cost plaintiff between $200.00 and $300.00 a year in the future for medical expenses in the treatment of his injuries.

The $6,250.00 awarded for future medical bills could have been arrived at by allowing the plaintiff $200.00 a year for 31 years. The evidence is sufficient to support such an award.

■ We will not further burden the opinion by setting out the evidence pro and con on each issue. The law does not re-

**602**

quire us to do that, in view of the fact that we are affirming the case. No useful purpose could be accomplished here by setting out such evidence. See cases cited on this point in Jackson v. International Service Insurance Co., supra.

In appellant's 6th point of error she contends that the jury's finding of "none" in answer to the damage issue inquiring as to the amount of money, if any, that should be awarded to her for her injuries is against the overwhelming weight and preponderance of the evidence and in view of the evidence showing she had serious injuries the finding must have been made due to bias, prejudice or some other improper motive.

We overrule the point.

The jury verdict established that Mrs. Muller was guilty of negligence that proximately caused the wreck and that plaintiff was not guilty of contributory negligence.

The jury's answer to the damage issue is contrary to the evidence because the undisputed evidence shows that Mrs. Muller did sustain some personal injuries in the wreck.

However, in view of the fact that the jury found Mrs. Muller guilty of negligence that proximately caused the collision, the jury's erroneous answer to the damage issue is immaterial and is a harmless error. The jury's verdict finding Mrs. Muller guilty of negligence and the plaintiff not guilty of contributory negligence required the trial court to render judgment against Mrs. Muller regardless of the extent of the injury that she sustained in the wreck. Southern Pine Lumber Co. v. Andrade, 132 Tex. 372, 124 S.W.2d 334 (Tex. Com.App., 1939, op. ad.); Burns v. Bridge Engineering Corporation, 465 S.W.2d 427 (Houston Civ.App., 14th Dist., 1971, ref., n. r. e.); O'Day v. Sakowitz Brothers, 462 S.W.2d 119 (Houston Civ.App., 1st Dist., 1970, ref., n. r. e.); and Owens v. Rogers, 446 S.W.2d 865 (Tex.Sup., 1969).

When the record as a whole is considered, we conclude that the jury's answer of "none" to Mrs. Muller's damage issue does not indicate to us that the jury's verdict was the result of bias, prejudice, or some other improper motive.

The judgment is affirmed.