In the Matter of the ESTATE of M. L. WOODS, Deceased.

No. B–5900.

Supreme Court of Texas.

Oct. 20, 1976.

Rehearing Denied Nov. 24, 1976.

McMillan & Lewellen, C. O. McMillan, Stephenville, Dewey Cox, Jr., Ranger, for petitioner.

Bill B. Hart, Eastland, for respondent.

DANIEL, Justice.

This is a will contest in which the plaintiff-contestant alleges that the testator, M. L. Woods, was acting under undue influence when he executed his will in 1964 and a codicil in 1972, and that he was also of unsound mind when he executed the codicil in 1972.

The will and codicil were admitted to probate by order of the County Court of Eastland County. The contestant, Orville Lucille Brown, a niece of the testator, filed suit in the same court to set aside the order. This resulted in a take nothing judgment against the contestant. Upon appeal to the District Court, with jury findings favorable to the contestant, the order of the County Court probating the will and codicil was set aside and canceled. The Court of Civil Appeals affirmed. 533 S.W.2d 38. The only question here is whether there was any evidence of probative force to support the findings of the jury. Finding none, we reverse the judgment of the Court of Civil Appeals and affirm the judgment of the County Court.

On August 7, 1964, when M. L. Woods was about 81 years of age, he executed a will prepared for him by an Eastland attorney. It was typewritten and was attested by the attorney and another witness. The will left the surface estate of his home place of about 300 acres to Owen E. Rose and wife, Beatrice Rose, subject to a life estate in his stepson, Robert Stephens. Mr.

and Mrs. Rose and their family lived on the Woods place, and helped to look after him, Rose having been employed to help care for Mr. Woods' farming and ranching business from 1963 until Mr. Woods' death in 1973. Robert Stephens, the son of Mr. Woods' deceased wife, had lived in the same house with Woods for many years. The will left the surface of other lands owned at the time of his death to the four children of Owen and Beatrice Rose and to Susie Maurine Bratton, share and share alike. The residue of his property was left to Mr. and Mrs. Rose, the four Rose children, and Susie Maurine Bratton, share and share alike. The latter, Mrs. Bratton, was Owen Rose's sister. She had worked in various capacities for Mr. Woods from 1956 to 1972. The will named as independent executor, Fred McCright of Cisco, a friend whom Mr. Woods had personally asked to serve.

On May 16, 1972, Mr. Woods executed before witnesses a typewritten codicil which was prepared by an attorney in Stephenville. The codicil referred to his will of August 7, 1964, and provided "I now desire to change such will to the extent only of excluding Susie Maurine Bratton as a beneficiary of such will." He left to her "the sum of One Dollar and no more out of my estate" and provided "in all other respects my original will as written shall remain in full force." The codicil was acknowledged by a self-proving affidavit signed and sworn to by Mr. Woods and the two subscribing witnesses, whose residences were shown to be in Stephenville.

M. L. Woods was a widower without any children or grandchildren. He had two stepchildren, the Robert Stephens heretofore mentioned and Mrs. Tollie Norton, who were the children of his deceased wife. His wife died in 1962, devising her half of the community property to these two children. As heretofore indicated, Robert Stephens was a beneficiary in the 1964 will. Mrs. Tollie Norton, although not a beneficiary, appeared as a witness for the proponents. Other relatives were brothers, nieces and nephews, but only one niece contested the will.

The contestant, Orville Lucille Woods Brown, is a niece who had been named along with Susie Maurine Bratton as sole devises in an earlier will of M. L. Woods prepared by a lawyer in Ranger and executed before witnesses on March 21, 1962. Orville Lucille is the daughter of O. H. Woods, a surviving brother of M. L. Woods.

M. L. Woods died on May 8, 1973. The 1964 will and 1972 codicil were admitted to probate May 22, 1973, by order of the County Court of Eastland County. On the next day the contestant, Orville Lucille Brown, filed suit in the same court to set aside the order on the grounds heretofore mentioned. After a hearing her plea was denied and a take nothing judgment was rendered against her on August 8, 1973. Upon appeal to the District Court she obtained jury findings that (1) "at the time M. L. Woods executed the Last Will and Testament dated August 7, 1964 . . . he was acting under the undue influence of Owen E. Rose, Beatrice L. Rose, Robert Stephenson [sic], Carolyn L. Braddock, Neita Faye Rose Melton, Johnnie Owen Rose, Shirley Ann Rose, or by some other person or persons acting in concert or in privity with them . . .."; (2) a similar finding with respect to the codicil dated May 16, 1972; and (3) a finding that M. L. Woods was not of sound mind when he executed the codicil.

■ When undue influence is alleged as a grounds for setting aside the probate of a will, the burden is upon the contestant to prove the allegation by a preponderance of the evidence. *Rothermel v. Duncan,* 369 S.W.2d 917, (Tex.1963); *Long v. Long,* 133 Tex. 96, 125 S.W.2d 1034, 1036 (1939). The same is true when the contestant alleges testamentary incapacity. *Lee v. Lee,* 424 S.W.2d 609 (Tex.1968). As far as the question of testamentary capacity is relevant to this case, there was no allegation or proof that M. L. Woods lacked testamentary capacity when he executed the will dated August 7, 1964. On the contrary, six witnesses who knew and observed him during the years of 1964 and 1972 testified that in their opinion he was of sound mind during

both of those years. There was no evidence or expression of any opinion to the contrary. The only allegation of testamentary incapacity related to the codicil executed on May 16, 1972. A careful search of the record reveals no evidence in support of the jury's finding that Woods was not of sound mind when he executed the codicil.

We have arrived at the same conclusion with reference to the jury's findings on undue influence. In this "no evidence" determination, we have considered only the evidence and inferences which tend to support the jury findings and have disregarded all evidence and inferences that would lead to contrary findings. *Martinez v. Delta Brands, Inc.,* 515 S.W.2d 263 (Tex.1974); *Lindley v. Lindley,* 384 S.W.2d 676 (Tex. 1964). We find no evidence, circumstantial or otherwise, of the existence and operation of any undue influence on Mr. Woods at the time of the execution of the will and codicil.

The rule stated in *Rothermel v. Duncan, supra,* is as follows:

". . . Thus, before a testament may be set aside on the grounds of undue influence the contestant must prove: (1) the existence and exertion of an influence; (2) the effective operation of such influence so as to subvert or overpower the mind of the testator at the time of the execution of the testament; and (3) the execution of a testament which the maker thereof would not have executed but for such influence. See: *Stewart v. Miller,* Tex.Civ.App. (1925), 271 S.W. 311, wr. refused; *Olds v. Traylor,* Tex.Civ. App. (1944), 180 S.W.2d 511, wr. refused.

"The burden of proving undue influence is upon the party contesting its execution. It is, therefore, necessary for the contestant to introduce some tangible and satisfactory proof of the existence of each of the above stated elements of undue influence. *Scott v. Townsend,* 106 Tex. 322, 166 S.W. 1138."

For similar holdings as to the necessity of proof of the effective operation of a subverting or overpowering influence on the mind of the testator *at the time of the execution of the instrument* see *Pearce v. Cross,* 414 S.W.2d 457 (Tex.1966); *Boyer v. Pool,* 154 Tex. 586, 280 S.W.2d 564 (1955); *Scott v. Townsend,* 106 Tex. 322, 166 S.W. 1138 (1914); and *Burgess v. Sylvester,* 177 S.W.2d 271 (Tex.Civ.App.1944), affirmed in 143 Tex. 25, 182 S.W.2d 358 (1944). For the same holding with respect to proof of undue influence in the execution or delivery of other instruments, see *Dulak v. Dulak,* 513 S.W.2d 205, 209 (Tex.1974); *Besterio v. Besterio,* 65 S.W.2d 759 (Tex.Comm.App.1933, holding approved).

The most that can be said of the evidence favorable to the contestant in this case is that circumstantially it supports one element of undue influence—the existence of an opportunity on the part of the proponents to exert an influence on Mr. Woods. Such evidence is reviewed at length in the printed opinion of the Court of Civil Appeals. We need not repeat it here. By way of summary, there was no direct evidence that the Roses, the stepson, or anyone else ever tried to persuade or influence Woods to execute the will of August 7, 1964 or the codicil of May 16, 1972. The evidence favorable to the jury findings on undue influence consisted principally of proof that Woods was 81 years of age, was hard of hearing, had poor eyesight, and was unable to read or write anything but his name in 1964; that his physical condition continued to deteriorate and was worse in 1972; that after Owen Rose was employed by Woods in 1963, he and Mrs. Rose and their daughters were often at the Woods' home attending to his needs or taking directions as to farm and ranch duties; that during all of these years, Woods' stepson, Robert Stephens, lived in the house with him; that Owen Rose kept the will in his possession and refused to let his sister, Susie Maurine Bratton, or the independent executor, Fred McCright, see the will prior to Mr. Woods' death; that during Woods' last illness, his brother and sister-in-law (parents of the contestant) did not get to visit him often, because Mr. and Mrs. Rose and Mrs. Norton (Woods' stepdaughter) stayed with him and turned down offers of help. Undoubtedly,

this circumstantial evidence constituted proof that the Roses and Robert Stephens had the opportunity to exercise their influence on Woods. The record is silent, however, as to any of them attempting to do so, except for Owen Rose persuading him to sell his cattle at auction each year rather than continue sales to a long-time friend and cattle buyer.

There was also evidence as to the earlier will executed by Mr. Woods on March 21, 1962 and revoked by his 1964 will. It was prepared by his "regular attorney" in Ranger; it left everything to the contestant and Susie Maurine Bratton, share and share alike. Soon after its execution he told them and contestant's mother about the will. The latter testified that Woods told her that he wanted his place to stay in the family and that "as long as I've got my sound mind there'll [sic] never be a change made in that will." She said he asked her to fight it if anybody ever came up with another will. The same witness (contestant's mother) testified that Mr. Woods told her about three weeks before his death about signing "some papers"; that he said, "I never did know what I signed . . . I couldn't read and I just signed what they told me to." This last conversation occurred nine years after the execution of the 1964 will had been executed and a year after it had been affirmed, except for one change, by the 1972 codicil.

There is no evidence in the record as to the planning, preparation and execution of the will and codicil, or that the mind of Mr. Woods was in fact subverted or overpowered by one of the proponents at the time of the execution of either of the instruments in question. According to *Rothermel, supra,* this is an essential element of undue influence which a contestant must prove in order to prevail on an allegation of undue influence. It is not enough to show that proponents had ample opportunity to exert influence upon Mr. Woods as to the execution of the instruments. This Court said in *Rothermel*:

". . . It is the law in Texas that a will cannot be set aside on proof of facts which at the most do no more than show an opportunity to exercise influence. *Burgess v. Sylvester,* Tex.Civ.App. (1944), 177 S.W.2d 271; affirmed, 143 Tex. 25, 182 S.W.2d 358. The establishment of the circumstances of having an opportunity to exert such influence due to being in a position of caring for the person upon whom the influence is supposed to be exerted is equally consistent with the theory of innocence as it is with the theory of wrongdoing. *Price v. Taliaferro,* Tex.Civ.App. (1952), 254 S.W.2d 157, wr. ref. n. r. e. The exertion of influence that was undue cannot be inferred alone from opportunity, but there must be some testimony, direct or circumstantial, to show that influence was not only present but that it was in fact exerted with respect to the making of the testament itself."

In *Boyer v. Pool, supra,* in which there was evidence of the contestants' opportunity to exert influence on the testator but no evidence of the circumstances under which the will was planned or prepared, this Court said:

". . . Contestants must go forward and prove in some fashion that the will as written resulted from the daughters [proponents] substituting their mind and will for that of the testator. Here the will and the circumstances raise suspicion, but it does not supply proof of the vital facts of undue influence—the substitution of a plan of testamentary disposition by another as the will of the testator."

In the present case, it is not shown whether one of the Roses, Robert Stephens, or anyone else accompanied Woods to the lawyer's office in 1964 or in 1972. There is no evidence that either of the proponents suggested what should be written into the instruments. As far as this record shows, Woods could have acted in accordance with his own personal plan of testamentary disposition on the occasions when he had attorneys prepare the will and codicil. As indicated, we find no evidence that, at the time

of the execution of the instruments in question, either of the proponents or anyone else used his or her influence so as to subvert or overpower the mind of the testator or so as to substitute the plan of testamentary disposition of another as the will of the testator.

Accordingly the judgment of the Court of Civil Appeals is reversed and the judgment of the County Court is affirmed.