In re ESTATE of Elinda WILLEN-BROCK, Deceased.

No. 5464.

Court of Civil Appeals of Texas, Eastland.

July 24, 1980.

Rehearing Denied Aug. 21, 1980.

Pat Maloney and George LeGrand, Law Offices of Pat Maloney, San Antonio for appellant.

Ralph Langley and Ronald B. King, Foster, Lewis, Langley, Gardner & Banack, Inc. and Robert C. Patterson, San Antonio, for appellee, W. Pat Camp.

Amie Rodnick, Asst. Atty. Gen., for appellee, State of Texas.

Stephen Jody Helman, Graves, Dougherty, Hearon, Moody & Garwood, Austin, for appellee, The American Heart Association, Texas Affiliate, Inc.

William R. Lozano, San Antonio, for appellee, Highland Park Lutheran Church.

RALEIGH BROWN, Justice.

This is a will contest. Diane Willenbrock McNees and her mother, Margaret Willenbrock, sought to deny probate of the will of Elinda G. Willenbrock alleging that she was acting under undue influence exercised by W. Pat Camp, her attorney, and lacked testamentary capacity when she executed her will dated March 22, 1976. Diane McNees was the sole heir at law of the testatrix. Pleas of intervention were filed by American Heart Association and Highland Park Lutheran Church of San Antonio, Texas, charitable beneficiaries under the will, and also the State of Texas under the provisions of Tex.Rev.Civ.Stat.Ann. art. 4412a (Vernon 1976).[1] After the parties stipulated that the testatrix possessed testamentary capacity, the sole issue of whether W. Pat Camp unduly influenced Elinda Willenbrock to include himself in her will was tried. The jury determined that Elinda Willenbrock was acting under the undue influence of W. Pat Camp. The trial court, disregarding such finding, entered judgment admitting the will to probate. Diane McNees and Margaret Willenbrock appeal. We affirm.

In their first three points of error, appellants attack the trial court's action in disregarding the jury finding of undue influence on the part of W. Pat Camp. They, primarily, contend that because Camp was the attorney of the deceased and was a beneficiary in the will, it should be presumed that he unduly influenced her to leave bequests to him.

The court concluded there was no evidence to support the undue influence finding. *Garza v. Alviar*, 395 S.W.2d 821 (Tex. 1965). In reviewing this action of the trial court, we must consider only the evidence and inferences which tend to support the jury finding and disregard all evidence and

---

1. Sec. 2. For and on behalf of the interests of the general public of this state in such matters, the Attorney General shall be a necessary party to and shall be served with process, as hereinafter provided, in any suit or judicial proceeding, the object of which is:

. . . . .

d. To contest or set aside the probate of an alleged will by the terms of which any money, property or other thing of value is given, devised or bequeathed for charitable purposes.

inferences that would lead to a contrary finding. *Martinez v. Delta Brands, Inc.*, 515 S.W.2d 263 (Tex.1974).

Elinda G. Willenbrock died October 27, 1978 at the age of 74. The March 22, 1976 will made numerous specific bequests to her personal physicians, her attorney, W. Pat Camp, another attorney, Emmett L. Whitsett, who shared offices with Camp, and to Franca de la Pena, Camp's secretary. Camp and de la Pena were made beneficiaries of one-third of the residuary estate with the other two-thirds going to the two charitable organizations. The will specifically stated that no provision was being made for Diane McNees or Margaret Willenbrock because of their attitude and actions toward the testatrix since her brother's death.

The contestants to the will presented only three witnesses. Imodene Hyatt, for many years a neighbor of the testatrix, testified that Elinda Willenbrock was in a state of declining health in her later years, that in her opinion persons in bad health are not able to handle business. Hyatt never met any of the testatrix' friends. She stated as the testatrix grew older, she appeared to rely more and more on Camp.

James and Mary Louise Galimore, who purchased a house from Elinda Willenbrock in 1975, testified that when they visited the testatrix to discuss the sale, she seemed more interested in discussing her needlepoint and burglar alarm system than in negotiating the sale of the house.

The rules to be followed before a will may be set aside because of undue influence are discussed in *Rothermel v. Duncan*, 369 S.W.2d 917, 922 (Tex.1963):

Thus, before a testament may be set aside on the grounds of undue influence the contestant must prove: (1) the existence and exertion of an influence; (2) the effective operation of such influence so as to subvert or overpower the mind of the testator at the time of the execution of the testament; and (3) the execution of a testament which the maker thereof would not have executed but for such influence. See: *Stewart v. Miller*, Tex.Civ.App. (1925), 271 S.W. 311, wr. refused; *Olds v.*

*Traylor*, Tex.Civ.App. (1944), 180 S.W.2d 511, wr. refused.

The burden of proving undue influence is upon the party contesting its execution. It is, therefore, necessary for the contestant to introduce some tangible and satisfactory proof of the existence of each of the above stated elements of undue influence. *Scott v. Townsend*, 106 Tex. 322, 166 S.W. 1138.

See also *Estate of Woods*, 542 S.W.2d 845 (Tex.1976); *Ransom v. Iselt*, 554 S.W.2d 42 (Tex.Civ.App.—Eastland 1977, writ ref'd n.r.e.)

Contestants have merely shown that proponent had an opportunity to exert influence upon Elinda Willenbrock. Our Supreme Court in *Estate of Woods*, supra, said:

It is not enough to show that proponents had ample opportunity to exert influence upon Mr. Woods as to the execution of the instruments. This Court said in *Rothermel*:

"It is the law in Texas that a will cannot be set aside on proof of facts which at the most do no more than show an opportunity to exercise influence. *Burgess v. Sylvester*, Tex.Civ. App. (1944), 177 S.W.2d 271; affirmed, 143 Tex. 25, 182 S.W.2d 358. The establishment of the circumstances of having an opportunity to exert such influence due to being in a position of caring for the person upon whom the influence is supposed to be exerted is equally consistent with the theory of innocence as it is with the theory of wrongdoing. *Price v. Taliaferro*, Tex. Civ.App. (1952), 254 S.W.2d 157, wr. ref. n. r. e. The exertion of influence that was undue cannot be inferred alone from opportunity, but there must be some testimony, direct or circumstantial, to show that influence was not only present but that it was in fact exerted with respect to the making of the testament itself."

We hold there is no evidence to support the jury's finding that the will in ques-

tion was procured by undue influence of W. Pat Camp.

■ The fact that Camp occupied a fiduciary relationship with the testatrix, standing alone, was insufficient to raise an issue that the will was executed as the result of undue influence. *Naihaus v. Feigon*, 244 S.W.2d 325 (Tex.Civ.App.—Galveston 1951, writ ref'd n.r.e.). It is not uncommon and indeed in most instances, a beneficiary under a will occupies a close family relationship with the testator or testatrix. Under such circumstances, a confidential or fiduciary relationship frequently exists, but this is no proof of undue influence.

As stated by the court in *Lipper v. Weslow*, 369 S.W.2d 698 (Tex.Civ.App.—Waco 1963, writ ref'd n.r.e.):

The contestants established a confidential relationship, the opportunity, and perhaps a motive for undue influence by defendant Lipper. Proof of this type simply sets the stage. Contestants must go forward and prove in some fashion that the will as written resulted from the defendant Lipper substituting his mind and will for that of the testatrix. Here the will and the circumstances might raise suspicion, but it does not supply proof of the vital facts of undue influence—the substitution of a plan of testamentary disposition by another as the will of the testatrix. *Boyer v. Pool*, [154 Tex. 586, 280 S.W.2d 564] supra.

We have considered and overrule all points of error. The judgment is affirmed.