**Elisa Marie WOOD, Appellant,**

v.

**Herman Frederick STUTE, Jr., Ind. Executor of the Estate of Margaret Leona Keller, Deceased, Appellee.**

**No. 18575.**

Court of Appeals of Texas, Fort Worth.

Jan. 28, 1982.

John H. Chambers, Arlington, for appellant.

Garrett & Burkett and John B. Garrett, Fort Worth, for appellee.

Before MASSEY, C. J., and HUGHES and HOLMAN, JJ.

## OPINION

HOLMAN, Justice.

This is a will contest in which the appellant alleges that the will of her mother, Margaret Leona Keller, was written and executed under undue influence. The probate court, without a jury, heard the evidence and admitted the will to probate. This appeal results.

We affirm.

The testatrix was the mother of both the appellant and the appellee. The will admitted to probate was executed on August 25, 1980. The testatrix died on October 13, 1981. Her will was filed for probate three days later, and it disinherited the appellant.

By her first point of error appellant complains that the court's holding was against the weight of evidence which tended to show the will as subject to undue influence on the part of the appellee.

In reviewing the probate court's action, we must consider all of the evidence, both that tending to prove the fact of undue influence and that tending to disprove it.

Herman Frederick Stute, Jr., testified that he referred his mother to his personal attorney after she moved from California to the State of Texas. Appellee testified that he was not aware that the will offered for probate had been executed until same was mailed to him, by testatrix, in a sealed envelope and was not aware of its contents until after her death. Appellee also testified that he had never handled any of testatrix personal or financial affairs.

There was other testimony that the testatrix had regularly received advice from the appellee.

Mrs. Marca Renfrow, testified that testatrix told her that "[Herman] handled any business affairs, and any questions she had."

Mrs. Margaret Freeman testified that when a $20,000.00 note owed to testatrix was paid in full, ten percent of said note was donated to a religious organization, and the remainder was given to appellee to invest.

The evidence shows that the testatrix had expressed a personal dissatisfaction with her daughter, the appellant, to both Mrs. Freeman and Mrs. Renfrow.

Appellant points to a debt collection suit, which the testatrix filed against her grandson, as strongly suggesting undue influence by the appellee. The grandson testified that the loan at issue in the testatrix' suit had been made at the suggestion of the testatrix. The evidence contains a letter in which testatrix complained to witness Gertrude McCormick, as follows:

"I have two problems ... First I loaned my grandson (at his request and his wife) $4,300.00. Then they got nasty and I am not sure if they are going to pay it back or not. I turned it over to Herman and he gave it to his attorney. So I have to wait to get that settled first."

The evidence also shows that before the testatrix executed her will, she was reconsidering her earlier gift of real estate to her granddaughter. In a letter postmarked July 24, 1980, one month and one day before the execution of the will at issue, testatrix wrote to her friend, Mrs. McCormick:

"I pray every day that I can get out of the title mess with my granddaughter soon. My son and I are going to have a conference with our attorney real soon and seek his advise on which is the best approach...."

Appellant submits that the evidence we have reviewed establishes undue influence by the appellee.

▪ The proof necessary in order to set aside the will because of undue influence is:

(1) the existence and exertion of influence;

(2) the effective operation of such influence so as to subvert or overpower the mind of the testator at the time of the execution of the testament; and

(3) the execution of a will which the testatrix would not have executed but for such influence. See *Rothermel v. Duncan*, 369 S.W.2d 917, 922 (Tex. 1963).

There was no evidence presented that appellee influenced the testatrix at the time of the execution of her 1980 will. On the contrary, the will was executed by the testatrix in the presence of residents of her hometown in Azle, Texas. There was no showing that the appellee was present at the time of the execution or that he knew any of the attesting witnesses or the notary.

▪ When undue influence is alleged as a ground for setting aside the probate of a will, the burden is upon the contestant to prove the allegation by a preponderance of the evidence. *Estate of Woods*, 542 S.W.2d 845 (Tex.1976).

▪ The only influence shown in the testimony was that the appellee referred his mother to his personal attorney, who prepared the will, and the appellee had the testatrix' confidence. Such evidence, standing alone, is insufficient to raise an issue that the will was executed as the result of undue influence. *In Re Estate of Willenbrock*, 603 S.W.2d 348 (Tex.Civ.App.—Eastland 1980, writ ref'd.).

It was appellee's burden to prove that the will as written resulted from the appellee substituting his mind and will for that of the testatrix. *In Re Estate of Willenbrock, supra.*

Mere suspicion of undue influence is not the necessary proof that the appellee subverted the testatrix' own plan of testamentary disposition. *Burgess v. Sylvester*, 143 Tex. 25, 182 S.W.2d 358 (Tex.1944).

After considering all of the evidence, both that tending to prove and to disprove undue influence, we conclude that the court's finding that will had not been executed as a result of undue influence was correct.

There was sufficient evidence to support the finding, which was not so contrary to the great weight and preponderance of the evidence in the record as to be manifestly unjust.

Appellant's first point of error is overruled.

▪ In her second point, appellant asserts that the trial court erred in refusing to allow a photocopy of testatrix' prior will executed in 1973.

The appellee's objection to the introduction of the photocopy was sustained by the trial court. Appellant, however, did not at any time prove up a bill of exceptions as provided in Tex.R.Civ.P. 372. In the absence of a bill of exceptions to present what the excluded document would have shown, no reversible error is shown. *Muller v. Reeher*, 520 S.W.2d 599 (Tex.Civ.App.— Fort Worth 1975, no writ); *Phillips v. Phillips*, 511 S.W.2d 748 (Tex.Civ.App.—San Antonio 1974, no writ).

Appellant's second point of error is overruled.

Judgment of the trial court is affirmed.