Timothy R. **ANDERSON**, Appellant,

v.

**MISSOURI LOCAL GOVERNMENT EMPLOYEES RETIREMENT SYSTEM, Respondent.**

**No. WD 47286.**

Missouri Court of Appeals, Western District.

Sept. 28, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 2, 1993.

Walter H. Bley, Jr., Columbia, for appellant.

Nathan M. Nickolaus, Jefferson City, for respondent.

Before SPINDEN, P.J., and FENNER and HANNA, JJ.

SPINDEN, Presiding Judge.

■ Timothy Anderson claims he injured his back on the job when he bent over to tie his boots. He sought disability retirement from his job with the City of Columbia, but a board of the Missouri Local Government Employees Retirement System (LOGERS) denied his claim. The trial court affirmed the denial, and Anderson appeals. We review LOGERS' decision, not the circuit court's judgment. *Knapp v. Missouri Local Government Employees Retirement System,* 738 S.W.2d 903, 912 (Mo.App.1987).

■ Anderson bears the burden of proof. *Id.* He must at least make a *prima facie* case that he was totally and permanently incapacitated from doing his job as a natural and proximate result of an on-the-job injury. *Id.* Anderson did not make a *prima facie* case.

Anderson worked at Columbia's Water and Light Department as a heavy equipment op-erator from November 14, 1976, to June 30, 1979, and from September 1, 1980, to September 9, 1988. The break in his employment resulted from an automobile accident on December 13, 1979, in which he suffered a severe head injury and was in a lengthy coma. The accident was not related to his job.

On January 21, 1988, Anderson reported that he had bruised his ankle while doing his job. Four days later, he said his back felt "a little different" when he walked up a flight of stairs at the Water and Light Building. He said that he injured his back when he later changed his work boots in the building's locker room. Changing into the correct type of boots was one of his job's duties.

Almost a year later, on December 29, 1988, Anderson applied for duty disability retirement pursuant to § 70.680, RSMo Supp.1988. As required by the statute, a three-physician committee—one member selected by LOGERS, one by Anderson, and the third by the other two committee members—reviewed Anderson's claim. The committee attributed Anderson's problems to the automobile accident. On April 21, 1989, LOGERS unanimously disapproved Anderson's application.

In his only point on appeal, Anderson claims that the trial court erred in affirming LOGERS because either:

1) [The trial court's decision] was based on application of an improper standard or causation test and therefore improper, unduly burdensome and prejudicial to the appellant, or 2) the trial court's decision was not supported by competent and substantial evidence upon the whole record and was therefore improper and prejudicial to the appellant.

We disagree.

Section 70.680.3 provides:

Any member in service ... who becomes totally and permanently physically or mentally incapacitated for his duty as an employee, as the natural and proximate result of a personal injury or disease which the board finds to have arisen out of and in the course of his actual performance of duty as an employee, may be retired by the board upon written application filed

with the board by or on behalf of the member[.]

The only issue is whether Anderson's back injury was the natural and proximate result of Anderson's performance of his job duties. Anderson did not produce "sufficient credible, competent and substantial evidence to make a prima facie case." *Knapp,* 738 S.W.2d at 912.

Although Anderson established that he was permanently disabled, LOGERS reasonably concluded that his disability was not the natural and proximate result of an on-the-job injury. A "natural result" is "a condition which flows naturally and directly from the events or matter inquired about." 65 C.J.S. *Natural* 54 (1966) (citing *Strong v. Aetna Casualty and Surety Company,* 170 S.W.2d 786, 788 (Tex.Civ.App.1943)). A "proximate result" is a condition which flows directly and immediately from the events and matters at issue. *See Fitzgerald v. Thompson,* 238 Mo.App. 546, 184 S.W.2d 198, 204 (1944). Anderson's injury flowed naturally, directly and immediately from the automobile accident, not from tying his boot.

Anderson relies on *Vlasak v. Alternative System of the Police Retirement System of St. Louis,* 435 S.W.2d 726 (Mo.App.1968), to argue that an injury which aggravates a pre-existing condition can be sufficient. The court there held that a pre-existing arthritic condition could not block a disability claim when the condition did not manifest itself until the claimant was involved in an automobile accident while on duty. The claimant suffered no symptoms of the arthritis prior to the accident. The accident, and x-rays taken after it, made him aware of the arthritis for the first time. So, although an expert testified that "the disability from the injury would not be nearly so severe or lasting if there had been no underlying arthritis," *id.* at 728, the court held that the automobile accident, not the pre-existing arthritis, was the disabling injury.

That is a far cry from the case before us. All of the examining physicians determined that Anderson's automobile accident was the disabling injury—not his tying his boots. He should not have suffered any injury from tying his boots but for the automobile accident. His disability was not a natural, direct and immediate result of his tying his boots. LOGERS' decision denying disability retirement benefits is affirmed.

All concur.