**D. H. SEIGLER, Sr., Petitioner,**

v.

**Ernest SEIGLER et al., Respondents.**

**No. A–10702.**

Supreme Court of Texas.

May 12, 1965.

the opinion that it is not shown that the trial court's action in allowing the contestants ·(respondents) to open and conclude the arguments to the jury amounted to such a denial of the rights of the petitioner as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case. Rule 503, Texas Rules of Civil Procedure. The application for writ of error is refused, no reversible error. Denbow v. Standard Acc. Ins. Co., 143 Tex. 455, 186 S.W.2d 236.

SMITH, J., not participating.

Vincent Stine, Henrietta, Humphrey, Gibson & Darden, Wichita Falls, for petitioner.

Clyde Suddath, Henrietta, Jones, Fillmore, Robinson & Lambert, Wichita Falls, for respondents.

PER CURIAM.

This is a will contest involving the issues of testamentary capacity and undue influence. We do not agree with the statement of the Court of Civil Appeals that "the burden of proof on the whole case under the pleadings" rested upon the contestants. (386 S.W.2d 849). The burden of proof was upon the proponent (petitioner) to prove that the testator had testamentary capacity. The contestants could not properly secure the right to open and close the argument under Rules 266 and 269, Texas Rules of Civil Procedure by voluntarily assuming the burden of proof on this issue. In order to gain such right, it would be necessary that testamentary capacity be unequivocally admitted or established as a matter of law and the issue thus removed from the case. Considering the entire record in this case, however, we are of