Solomon J. APODACA, et al., Appellants,

v.

Isabel ESCONTRIAS, et al., Appellees.

No. 7018.

Court of Civil Appeals of Texas, El Paso.

July 22, 1981.

Rehearing Denied Aug. 26, 1981.

Roger L. Moore, El Paso, for appellants.

Brewster & Mayhall, Jack L. Brewster, El Paso, for appellees.

## OPINION

STEPHEN F. PRESLAR, Chief Justice.

This appeal is from a summary judgment entered against Plaintiffs/Appellants in a will contest. Summary judgment was based on the Defendants' plea of the statute of limitations, Section 93 of the Probate Code. We reverse and remand.

The will in question was admitted to probate on December 12, 1974. Plaintiffs initiated this suit on June 6, 1978, alleging undue influence and testamentary incapacity as grounds for invalidating the will. Defendants asserted the two-year statute of limitations of Section 93, and in due time filed their motion for summary judgment based thereon. Section 93, Tex.Prob.Code Ann., in part provides:

> After a will has been admitted to probate, any interested person may institute suit in the proper court to contest the validity thereof, within two years after such will shall have been admitted to probate, and not afterward, except that any interested person may institute suit in the proper court to cancel a will for forgery or other fraud within two years after the discovery of such forgery or fraud, and not afterward. . . .

■ A defendant moving for summary judgment assumes the burden of showing as a matter of law that the plaintiff has no cause of action against him. *Citizens First National Bank of Tyler v. Cinco Exploration Company*, 540 S.W.2d 292 (Tex.1976); *Guerrero v. Standard Alloys Manufacturing Company*, 566 S.W.2d 100 (Tex.Civ.App.—Beaumont 1978, writ ref'd n.r.e.). A defendant may also move for a summary judgment on the basis of an affirmative defense. *Swilley v. Hughes*, 488 S.W.2d 64 (Tex.1972). In this latter instance, it is the defendant's burden to prove all elements of the affirmative defense as a matter of law. Here, the affirmative defense relied on by the Defendants—Section 93—has two exceptions. Plaintiffs have pled one of them—fraud—as their cause of action. Thus, the true posture of the case is a situation first above mentioned, in which the defendant moving for summary judgment assumes the burden of showing as a matter of law that the plaintiff has no cause of action against him. *Citizens First National Bank of Tyler v. Cinco Exploration Company, supra.*

■ Plaintiffs allege that the will was invalid because it was the product of undue influence which was not discovered or known to them until shortly before the commencement of this suit, well within the two-year limitations. Undue influence is a species of fraud. *Rothermel v. Duncan*, 369 S.W.2d 917 (Tex.1963); *Gallagher v. Neilon*, 121 S.W. 564 (Tex.Civ.App.—1909, writ ref'd). Under Texas law, in a dispositive instrument sought to be invalidated, fraud in the inducement and undue influence are treated as one. *Bounds v. Bounds*, 382 S.W.2d 947 (Tex.Civ.App.—Amarillo 1964, writ ref'd n.r.e.). Each case of undue influence must depend largely on its own circumstances. 58 Tex.Jur.2d *Undue Influence* sec. 1 (1964), but, in the case before us, at least the following elements would be a part of the Plaintiffs' case: (1) the existence and exertion of undue influence; (2) the effective operation of such influence so as to subvert or overpower the mind of the testatrix at the time of the execution of the will; and (3) the execution of a will which the testatrix would not have executed but for such influence. *Estate of Woods*, 542 S.W.2d 845 (Tex.1976). By moving for summary judgment, the Defendants assumed the burden of establishing as a matter of law that there is no genuine issue of fact as to one or more of the above elements of the Plaintiffs' cause of action. *Gibbs v. General Motors Corporation*, 450 S.W.2d 827 (Tex.1970). In the face of

Plaintiffs' pleading of undue influence as a cause of action, the Defendants have assumed a burden which, we are of the opinion, they have not met in that they have not shown as a matter of law that there was no influence nor, if there was influence, it was not undue, nor that even if the influence was undue, it was not exerted so as to subvert the mind of the testatrix at the time of the execution of the testament forcing her to make a will she would not ordinarily have made.

The summary judgment is reversed and the cause is remanded for trial.