Peggy Jo Groves
**CAMPBELL, Appellant,**

v.

**Thelma Joe GROVES and Jack Hopper, Appellees.**

**No. 08–89–00094–CV.**

Court of Appeals of Texas,
El Paso.

June 28, 1989.

Rehearing Denied July 26, 1989.

Howard V. Tygrett, Jr., Tygrett & Walker, Dallas, for appellant.

Henry Simpson, Tobolowsky, Prager & Schlinger, Dallas, for appellees.

Before OSBORN, C.J., and WOODARD and KOEHLER, JJ.

## OPINION

WOODARD, Justice.

This is an appeal from a summary judgment admitting a will to probate as a muniment of title. We affirm.

Mr. Walley B. Groves, of Dallas County, executed a will on December 17, 1986. He died on or about August 4, 1987. The issue is whether he had testamentary capacity to execute the will. A fact issue will preclude a summary judgment. *University of Texas Health Science Center at Houston v. Big Train Carpet of El Campo, Inc.*, 739 S.W.2d 792 (Tex.1987).

■ Testamentary capacity means possession of sufficient mental ability, at the time of the execution of the will, (1) to understand the business in which the testator is engaged, the effect of making the will, the general nature and extent of his property, (2) to know the testator's next of kin and the natural objects of his bounty, and (3) to have sufficient memory to assimilate the elements of the business to be transacted, to hold those elements long enough to perceive their obvious relation to each other, and to form a reasonable judgment as to them. *Prather v. McClelland*, 76 Tex. 574, 13 S.W. 543 (1890); *Lowery v. Saunders*, 666 S.W.2d 226 (Tex.App.—San Antonio 1984, writ ref'd n.r.e.).

The witnesses to the self-proved will testified that in their opinion the testator knew what he was signing and knew what he was doing. The lawyer who drew, presented and paraphrased the contents of the will to the testator for execution, deposed to facts and conclusions that support the testator's capacity. The testator's

treating physician attested to all the testator's capacities except his knowledge of the extent of his property, in the period before execution, on the day of execution and the times thereafter. He stated that the testator had been disoriented for about a week due to a medical problem for which he had been hospitalized. This disorientation ceased, however, more than a month before the December 17 execution of the will.

Appellant filed an affidavit from a grandson of the testator. The affidavit confirmed the testator hallucinated during his November stay at the hospital. He added, though, that he visited the testator every week or week and one half subsequently, and the testator referred to various instances of someone persecuting him which did not happen, and that he had hallucinated events that were not real. He opined that the testator was not of sound mind from the time of hospitalization to the time of his death.

The statements of "he would refer to various instances of someone persecuting him which did not happen" and "he referred to the facts in the halucinating [sic] events, as if they were real" are not probative evidence that can be considered in themselves as they are conclusionary. *Brownlee v. Brownlee*, 665 S.W.2d 111 (Tex.1984). They can be considered to the extent that they are what the witness based his perception on under Tex.R.Civ. Evid. 701 in determining the testator was not of sound mind.

On the day of execution of the will, there is direct evidence that the testator knew and had the assimulated and rational capacities to know the objects of his bounty, the nature of the transaction in which he was engaged and the nature and extent of his estate. There is a declaration that the testator was not of sound mind which is based on undetermined occasions before and after the date of the will execution. The testator's mental capacity on the day the will was executed is controlling. Consideration of lay opinion testimony based upon the witnesses' observations of the testator's conduct, either prior or subsequent to the execution, can be used to establish incompetency on the day the will was executed if it is demonstrated that the condition had some probability of being the condition of the testator at the time the will was executed. *Croucher v. Croucher*, 660 S.W.2d 55, 57 (Tex.1983). Because the testator may have displayed conduct or expressed words from time to time that induced the grandson to believe the testator was of unsound mind does not repudiate or contradict the direct evidence of the testator's assimulated and rational capacities to execute the will. A person could appear bizarre or absurd with reference to some matters and still possess the assimulated and rational capacities to know the objects of his bounty, the nature of the transaction in which he was engaged and nature and extent of his estate on a given date. All points of error are overruled.

Judgment of the trial court is affirmed.