**In re the ESTATE OF Raymond RILEY, Deceased.**

**No. 13–91–148–CV.**

Court of Appeals of Texas, Corpus Christi.

Jan. 30, 1992.

Rehearing Overruled Feb. 27, 1992.

Jack E. White, Corpus Christi, for appellant.

John A. Sixta, Jr., Corpus Christi, for appellee.

**306**

Before NYE, C.J., and SEERDEN and BISSETT [1], JJ.

## OPINION

NYE, Chief Justice.

Testator's widow, Virginia Rose Riley, Proponent, appeals from a judgment and order denying probate of Raymond Riley's self-proved will. A jury found that the testator lacked testamentary capacity and that Virginia exercised undue influence over him. By two points of error, Virginia claims that there was no evidence to rebut the presumption of testamentary capacity and no evidence of undue influence. We affirm the judgment of the trial court.

■■■ By her second point of error, Virginia claims that there was no evidence showing that she exercised undue influence over Raymond. The burden of proving undue influence is upon the will's opponents, who must show:

1) The existence and exertion of an influence;

2) which subverts or overpowers the mind of the testator at the time of the execution of the will; and

3) the execution of a will which its maker would not have executed but for such influence.

*Smallwood v. Jones,* 794 S.W.2d 114, 117 (Tex.App.—San Antonio 1990, no writ) (citing *Rothermel v. Duncan,* 369 S.W.2d 917, 922 (Tex.1963)). Factors to be considered on the issue of undue influence include evidence of infirmity of mind produced by age, ill health, circumstances attending the execution, opportunity for the exercise of influence that would destroy the exercise of free agency, and an unnatural or unjust disposition by the instrument. *Matter of Estate of Murphy,* 694 S.W.2d 10, 12 (Tex. App.—Corpus Christi 1985, writ ref'd n.r.e.). Viewing the evidence in the light most favorable to the verdict, we find that each of these elements is supported by evidence in the record.

After Raymond Riley's first wife died, he married Virginia, a several-time-divorcee, who, at forty-one, was almost thirty years his junior. With his remarriage, Raymond's relationship with his children, previously amicable and close, deteriorated rapidly, due, Virginia claims, to the children's disapproval of the marriage, or, as the opponents claim, to Virginia's manipulation of their father. Only a few months after his remarriage, Raymond suffered a heart attack and required major surgery. The day before the operation, Virginia prepared and produced a "fill-in-the-blank" will which left all of Raymond's property to her, or to his children if Virginia predeceased him.

The record showed that, of the children, only Willie Riley, Raymond's youngest son, visited him in the hospital. He was the only child who maintained an amicable relationship with Raymond and his new wife. The record also showed that Tommy Riley, the oldest son, had started probate proceedings regarding the estate of Raymond's first wife, Mary. He testified that he wanted to obtain an accounting of all of the assets in his mother's estate and to put some of those assets aside for his father. He testified that he was concerned about the alarming rate at which Raymond and Virginia were spending money. Raymond died the day the family attended a court hearing on these proceedings. Tommy only learned of his father's death from the newspaper, because Virginia had never notified him. Virginia filed the subject will for probate the day after her husband's funeral.

Opponents claim that Raymond was incapable of understanding the document he signed as his will, that Virginia filled out the will-form contrary to Raymond's express wishes, that she exercised undue influence over him, and that a previous will which divided Raymond's property evenly between his children was the only valid one.

■■ A will cannot be set aside when the facts do no more than show that the propo-

---

1. Assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex.

Gov't Code Ann. § 74.003 (Vernon 1988).

nent had an opportunity to exercise influence. *Smallwood,* 794 S.W.2d at 118. Here, it is clear that Virginia had the opportunity to, and did, exert undue influence over Raymond. The opponents testified that Virginia isolated Raymond from his family and led him to believe that they were "after everything that he had worked for." The jury could and apparently did believe this evidence, rather than Virginia's explanation that the family alienated Raymond themselves because they disapproved of the marriage relationship.

■ It must be noted in cases such as this that undue influence must have been exercised at the time the will was executed. *Lowery v. Saunders,* 666 S.W.2d 226, 234 (Tex.App.—San Antonio 1984, writ ref'd n.r.e.). It is usually proven by circumstantial evidence, and all that is required is that the circumstances point to ultimate facts sought to be established with such a degree of certainty as to make the conclusion reasonably probable. *Matter of Estate of Murphy,* 694 S.W.2d at 12; *Lowery,* 666 S.W.2d at 234. The record shows that Virginia obtained a preprinted "will kit" the day before Raymond's surgery, and she completed the form herself, purportedly at Raymond's direction. Mrs. Floyd, a witness for the proponent, stated that the will-form's predetermined language left the testator no choice but to give all of his property to one person, and that it would have been difficult to alter the form to accomplish a different distribution—such as an equal distribution of property to all of Raymond's children. Virginia's manipulation of events so that the predetermined will kit would be used is a clear indication of the exertion of undue influence which subverted the true will of the testator.

■ Mrs. Floyd further testified that, when the will was executed, Raymond expressly stated how he wanted his property divided. The will actually accomplishes a different distribution. After completing the form, Virginia read it back to Raymond. She claimed that it gave her a life estate in the property and the remainder to Willie, just as Raymond intended, when in fact, the form gave all property to Virginia, with equal shares to Raymond's children if

Virginia predeceased him. Willie was to act as executor. The jury was free to believe Mrs. Floyd's version of how Raymond desired to divide his property rather than Virginia's version. It was also the jury's prerogative to decide whether the discrepancy between Raymond's stated intent and the will's actual distribution scheme was the result of undue influence. Undue influence may be exercised through threats or *fraud* or the silent power of a strong mind over a weak one. *Curry v. Curry,* 153 Tex. 421, 270 S.W.2d 208, 214 (1954) (emphasis added); *see also Smith v. Smith,* 389 S.W.2d 498, 504 (Tex.Civ. App.—Austin 1965, writ ref'd n.r.e.).

Any variation in the will's actual distribution scheme and the express desire of the testator results in an instrument that does not reflect the true will of the testator. Such an instrument, when procured by undue influence, is not the voluntary act of the testator and cannot be admitted to be probated as the testator's will. *Lowery,* 666 S.W.2d at 234. The jury unanimously decided that Virginia exercised undue influence over Raymond. All of the circumstances, considered together with the discrepancy in distribution and the fact that Virginia told Raymond the will conformed to his wishes when it did not, are sufficient for the jury to have inferred that Raymond suffered from a diminished mental capacity which made him susceptible to undue influence. The jury believed that Virginia fraudulently procured the instrument that was executed, knowing that it did not reflect Raymond's wishes. The evidence supports the jury's verdict on undue influence. Point two is overruled.

Since a finding of undue influence assumes testamentary capacity, and since we find the jury's verdict on undue influence to be supported by the evidence, this issue is dispositive of the appeal. *Rothermel,* 369 S.W.2d at 922. We need not address appellant's first point.

The judgment of the trial court is AFFIRMED.