TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00572-CV






Randy E. Bowerman, Appellant



v.



Employee Retirement System of Texas and Dora Hilario


a/k/a Dora Bowerman, Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT


NO. 95-12004, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING 





PER CURIAM


 Appellant Randy E. Bowerman challenges a summary judgment rendered in favor of
appellee Dora Hilario, who is also known as Dora Bowerman. We will reverse in part and affirm in part
the trial-court judgment.


THE DISPUTE


 Randy is the son of Dennie Edward Bowerman, deceased. Dennie, an erstwhile employee
of the Texas Department of Mental Health and Mental Retardation, was covered by a life insurance policy
and a survivor annuity plan issued by Employees Retirement System of Texas ("ERS"). While not formally
married, Dennie referred to Dora as his spouse. On November 21, 1991, Dennie named Dora and Randy
as co-beneficiaries under the group insurance program. On April 8, 1992, Dennie named Dora as the sole
primary beneficiary of both plans, and Christine Hilario and Randy Bowerman as secondary beneficiaries. 
Dennie died on June 10, 1994.

 Randy challenged the beneficiary designation. Because of the dispute ERS interpled into
the court the benefits of the life insurance policy, naming both Randy and Dora as defendants. Randy
cross-claimed against Dora, alleging undue influence, fraud, and mental incapacity.

 Dora filed a motion for partial summary judgment on March 18, 1996, alleging that she was
entitled to judgment because she established, as a matter of law, that the beneficiary designation was not
the result of undue influence, fraud, or mental incapacity. In support of her motion, Dora offered (1) copies
of documents on file with ERS, (2) portions of the oral deposition of Darrel Ware, who was the custodian
of Dennie's personnel files and who witnessed the execution of the beneficiary designations, and (3)
discovery on file with the court. Randy did not file a response. The trial court granted the partial summary
judgment, which it later made final.


STANDARD OF REVIEW


 The standards for reviewing a motion for summary judgment are well established: (1) the
movant for summary judgment has the burden of showing that no genuine issue of material fact exists and
that he is entitled to judgment as a matter of law; (2) in deciding whether a disputed material fact issue
precludes summary judgment, evidence favorable to the nonmovant will be taken as true; and (3) every
reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. 
Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985). 

 To prevail on the motion for summary judgment, Dora, as defendant to Randy's cross-claim, must have either disproved at least one element of Randy's cause of action, or pleaded and
conclusively established each essential element of an affirmative defense. Lear Siegler, Inc., v. Perez, 819
S.W.2d 470, 471 (Tex. 1991); Gibbs v. General Motors Corp., 450 S.W.2d 827, 828 (Tex. 1970). 
Randy had no duty to present contrary evidence until Dora established her right to summary judgment as
a matter of law. City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979).


ANALYSIS


 By three points of error, Randy complains that the trial court erred in granting Dora's
motion for summary judgment on the ground that she had proven as a matter of law that undue influence,
fraud, or mental incapacity did not exist, and in denying his motion for new trial. We agree as to the claim
for undue influence and fraud.


Undue Influence

 Undue influence is influence that destroys the free agency of a person and substitutes in its
place the will of another. Pearce v. Cross, 414 S.W.2d 457, 461 (Tex. 1966). At trial, the party wanting
to set aside a document on the basis of undue influence must prove: (1) the exertion of an influence; (2)
that operates to subvert or overpower the person's mind when executing the document; and (3) that the
person would not have executed the document but for the influence. In re Wood's Estate, 542 S.W.2d
845, 847 (Tex. 1976); Rothermel v. Duncan, 369 S.W.2d 917, 922 (Tex. 1963). In this case,
establishing the existence of undue influence involves inquiry into factors such as the circumstances
surrounding the execution of the beneficiary change form; Dennie's relationship with Dora and any others
who are expected recipients of his bounty; Dora's motive, character, and conduct; Dora's participation
in the form's execution; Dennie's and Dora's words and acts; Dora's interest in and opportunity to exercise
undue influence; Dennie's physical and mental condition at the time he executed the form, including the
extent to which he was dependant upon and subject to Dora's control; and the improvidence of the
transaction as reflected by an unjust, unreasonable, or unnatural disposition of the property. See
Rothermel, 369 S.W.2d at 923; Mackie v. McKenzie, 900 S.W.2d 445, 449 (Tex. App.--Texarkana
1995, writ denied) (considering undue influence in execution of will).

 Dora accompanied Dennie to Ware's office the day Dennie requested that his designation
of beneficiaries be changed. However, Ware testified that he asked Dora to leave the room while he
discussed the beneficiary change with Dennie. When asked whether he had any evidence of undue
influence, Ware replied, "I'm fully confident that it was Dennie's free will to make those appointments as
noted on those forms."

 But Ware's lay opinion regarding whether Dennie executed the change of his free will is
not conclusive evidence of that fact. O'Byrne v. Oak Park Trust & Savs. Bank, 450 S.W.2d 411, 415
(Tex. Civ. App.--Beaumont 1970), aff'd, 457 S.W.2d 277 (Tex. 1970). The record shows that Dennie
had an extended illness during the year in which he changed beneficiaries. Such an illness might have left
him susceptible to influence. Further, Ware testified that it was singular for Dora to have accompanied
Dennie to the office to sign the change of beneficiary form. Although Ware noted no problems, he did say
it was the only time in his experience that a spouse who was not a current employee had accompanied her
husband to the office to make such a change. Finally, there was no evidence of Dora's motives, character,
or conduct, or Dennie's relationship with either Dora or Randy. We cannot say on this record that, as a
matter of law, Dora proved that undue influence did not exist. (1) We sustain points of error one, two, and
three with regard to Randy's claim of undue influence.


Fraud

 Randy also claimed that Dora fraudulently induced Dennie to change his designation of
beneficiaries. To recover on a fraud cause of action, the plaintiff must prove that (1) the defendant made
a material representation; (2) the representation was false, (3) the defendant knew the representation was
false; (4) the representation was made with the intent of being acted upon; (5) the plaintiff acted in reliance
on the representation, and (6) the plaintiff was injured by his or her reliance. Oilwell Division, United
States Steel Corp v. Fryer, 493 S.W.2d 487 (Tex. 1973). In a suit to invalidate an instrument, fraud in
the inducement and undue influence are treated as one. Curry v. Curry, 270 S.W.2d 208, 214 (Tex.
1954); Apodaca v. Escontrias, 624 S.W.2d 600, 601 (Tex. Civ. App.--El Paso 1981), rev'd on other
grounds, 629 S.W.2d 697 (Tex. 1982). Because we reverse the trial court's judgment as to undue
influence, we also reverse the trial court's judgment as to fraud. We sustain points of error one, two, and
three with regard to Randy's fraud claim.

Mental Capacity

 The legal standard for determining the existence of mental capacity to execute a document
is whether the person signing it appreciated the effect of what he or she was doing and understood the
nature and consequences of his or her acts and the business he or she was transacting. See Mandell &
Wright v. Thomas, 441 S.W.2d 841, 845 (Tex. 1969) (will); Bach v. Hudson, 596 S.W.2d 673, 675-76
(Tex. Civ. App.--Corpus Christi 1980, no writ) (contract). Mental capacity may be evidenced
circumstantially by evidence of (1) a person's outward conduct, manifesting an inward condition; (2)
preexisting external circumstances tending to produce a special mental condition; and (3) prior or
subsequent existence of a mental condition from which its existence at the time in question may be inferred. 
Bach, 596 S.W.2d at 676.

 Ware stated that Dennie appeared calm and unagitated on the day he signed the beneficiary
change form. Ware further testified that, after he asked Dora to leave, he asked Dennie whether he
understood that all proceeds would go to Dora when he died, and that Randy and Christine would share
the proceeds if both he and Dora died. Dennie said he did. Ware had "no doubt" that Dennie understood
what he was doing. Ware believed that Dennie was mentally competent when he signed the beneficiary
change form. Kenny v. Estate of Kenny, 89 S.W.2d 888, 890 (Tex. App.--Dallas 1992, no writ)
(witness's lay opinion of capacity based on observations made day document was executed some evidence
thereof).

 Ware also reviewed Dennie's annual performance evaluations going back to May 3, 1988. 
The performance evaluations showed that Dennie met employee standards for each year. The performance
evaluation performed during the period in which Dennie designated Dora as his primary beneficiary stated
that he was "physically and otherwise capable of performing the duties of his position at this time."

 Dora presented evidence showing that Dennie knew what he was doing and understood
the consequences of his act. This is sufficient to establish mental capacity as a matter of law. Campbell
v. Groves, 774 S.W.2d 717, 718-19 (Tex. App.--El Paso 1989, writ denied). At that point, the burden
shifted to Randy to present evidence raising a fact issue. Since he did not, we affirm the judgment as to
the issue of mental capacity. We overrule points of error one, two, and three with regard to Randy's claim
that Dennie lacked the mental capacity to execute the form.

 Accordingly, we affirm the trial-court judgment as to mental capacity. We reverse the
portion of the judgment granting summary judgment on the fraud and undue influence causes of action, and
remand that portion of the cause to the trial court for proceedings consistent with this opinion.


Before Justices Powers, Jones and Kidd

Affirmed in Part; Reversed and Remanded in Part

Filed: May 15, 1997

Do Not Publish

1. Dora's appellate brief shows that she misapprehends her burden in moving for summary judgment. 
Although Randy bears the ultimate burden or proving undue influence at a trial on the merits, Dora is
entitled to summary judgment only if , as a matter of law, she disproves at least one element of the cause
of action. Lear Siegler, Inc., v. Perez, 819 S.W.2d 470, 471 (Tex. 1991). The standard differs from
that for a directed verdict.


ntiff acted in reliance
on the representation, and (6) the plaintiff was injured by his or her reliance. Oilwell Division, United
States Steel Corp v. Fryer, 493 S.W.2d 487 (Tex. 1973). In a suit to invalidate an instrument, fraud in
the inducement and undue influence are treated as one. Curry v. Curry, 270 S.W.2d 208, 214 (Tex.
1954); Apodaca v. Escontrias, 624