## Van Winkle v. Commonwealth.

(Decided June 12, 1928.)

### Appeal from Jackson Circuit Court.

1. Forgery.—In trial for forgery, an instruction combining such crime with that of uttering a forged check was erroneous.
2. Forgery.—Evidence held insufficient to sustain conviction of forgery as not showing that single forged indorsement on $5 check, contained in letter given defendant, was in his handwriting, that it was cleared through another bank than distant drawee bank, or how or by whom it was presented to such bank.
3. Forgery.—In absence of direct evidence, forgery cannot be established by merely showing that defendant had possession of forged instrument at one time, where it passed through other persons' hands before reaching injured person, and no attempt was made to identify such persons.

HECTOR JOHNSON for appellant.

J. W. CAMMACK, Attorney General, and SAMUEL B. KIRBY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

Bert Van Winkle was convicted on a charge of forgery and sentenced to two years in the penitentiary.

On this appeal the instructions are criticised, and it is insisted that the verdict is not sustained by the evidence.

1. The first instruction combines the crime of forgery with that of uttering a forged check, and in this respect is duplicitous.

2. The evidence in narrative form is in substance: Mrs. Margaret Wilds lived near Clover Bottom, Ky., in Jackson county. She had made a shipment of cream to the Tri-State Butter Company in Cincinnati, Ohio, and had information that a letter had been sent her from that company which she had not received. She wrote the company in reference thereto and it informed her that it had theretofore mailed her a check for $5.28 which had been paid by the bank and returned to it canceled. It inclosed the check which had her name indorsed upon the back of it. She produced the check in evidence. It reads:

.        "Aug. 10, 1926.

"The Tri-State Butter Company.        No. 50035p.

"Pay to the order of Margaret Wilds, Clover Bottom, Kentucky.  Pay exactly 5 dollars and 28c —$5.28.

"The Brighton Bank & Trust Company, Cincinnati, Ohio.

"The Tri-State Butter Company,
                "By Chas. H. Hess.

"13—56."

Indorsements: "Margaret Wilds."

Witness further stated that she had not indorsed her name on the check nor authorized any one else to do so.

Mrs. Mahala Abrams is postmistress at Clover Bottom, and is acquainted with the prosecuting witness, Margaret Wilds, who receives her mail through that office.  Witness knew of Margaret Wilds' custom of shipping cream to the Tri-State Butter Company in Cincinnati, and observed a letter addressed to Mrs. Wilds in an envelope bearing a return address of that company, and she delivered it to one Charlie Mallicoat to carry to Mrs. Wilds.

Charlie Mallicoat testified that he received from Mahala Abrams the letter so described, to carry to Mrs. Wilds, who lived near his home. On the way he passed the defendant, Bert Van Winkle, who was at work on the

road, knapping rock, and gave the letter to him to deliver to Mrs. Wilds, and that the defendant put the letter in his pocket.

George Abrams knew all the parties and was also familiar with Margaret Wilds' business of shipping cream. On the occasion mentioned he and Charlie Mallicoat left the post office together and traveled the same road. He saw the letter described by the postmistress and described it in the same way she did. He saw Mallicoat hand the letter to defendant to take to Mrs. Wilds; defendant looked at it and remarked that there was a check in it for a little more than $5. He further stated that after meeting defendant, who was knapping rock, he went to a neighbor's house and remained a half an hour, and on returning joined Mallicoat, who had remained with defendant. On his return he and Mallicoat went home, passing the residence of Mrs. Wilds on the way, but neither of them stopped or said anything about the matter to her. Neither of these witnesses know whether there was a check in the letter or not, but, while he and defendant and Mallicoat were together, defendant seemed to look through a little slit in the envelope, and stated there was a check for more than $5 in it.

From this evidence we may conclude that the indorsement on the check was forged, and infer that the check was contained in the letter given defendant, and that he was thus afforded an opportunity to commit the forgery, but no further act on his part is proven. No attempt is made to show that the indorsement is in his handwriting. The check bears but a single indorsement. It does not appear to have been cleared through any other bank. It was drawn on and paid by a Cincinnati bank. It does not appear how or by whom it was presented to the bank. Presumably a person would not journey from Jackson county, Ky., to Cincinnati, Ohio, for the purpose of collecting a $5 check, though, if so done, the bank could furnish information on this point. If sent to the bank by mail the payment likely would have been transmitted back in the same way and the payee identified. If cashed in the neighborhood the same course of collection would likely have been pursued in its transmission, and the one so cashing it should be able to identify the person from whom he received it, and it is likely that he would have added his indorsement.

True these suggestions relate more particularly to the one who uttered the instrument. But they are also pertinent to the charge, as, in the absence of direct evidence, and where circumstantial evidence alone is relied upon, the crime of forgery cannot be established by merely showing that at one time the defendant had possession of the instrument later found to be forged, where such instrument passed through other hands before reaching the injured person and no attempt is made to identify those persons. The commonwealth may further develop its case on another trial; but, if it fails to do this, and the evidence remains substantially the same, a peremptory should be given.

Wherefore the judgment is reversed, and cause remanded for proceedings consistent with this opinion.