NO. 07-09-0261-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

FEBRUARY 3, 2011

_____

DALE WINFIELD, GLORIA JOHNSON, AND
JAMES WINFIELD, APPELLANTS

v.

KAREN SUE PIETSCH, APPELLEE

_____

FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NO. 60,121-B; HONORABLE JOHN B. BOARD, JUDGE

_____

Before CAMPBELL, PIRTLE, JJ. and BOYD, S.J.[1]

**MEMORANDUM OPINION**

Appellants, Dale Winfield, Gloria Johnson, and James Winfield (Winfields),

appeal from a take-nothing judgment granted in favor of Appellee, Karen Sue Pietsch,

pursuant to Rule 166a(c) of the Texas Rules of Civil Procedure, in an action seeking to

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. § 75.002(a)(1) (West 2005).

set aside the unprobated will of their mother, Jena Beth Winfield, and a general warranty deed transferring property from Jena to Pietsch, Jena's daughter. The Winfields assert the trial court erred by (1) granting summary judgment in favor of Pietsch and (2) denying Winfields' motion for new trial. The Winfields also assert (3) this Court erred by earlier dismissing for want of jurisdiction that part of their appeal pertaining to the trial court's denial of their claims pertaining to Jena's unprobated will.[2] We affirm.

## Background

On June 18, 2008, the Winfields filed an original petition seeking: (1) to set aside Jena's unprobated will and a general warranty deed alleging the instruments were obtained by undue influence and/or fraud; (2) a declaratory judgment establishing the rights of the parties to the property in question; (3) damages for tortious conduct; and (4) recovery of reasonable and necessary attorney's fees. Pietsch answered with a general denial and special exception asserting the trial court lacked jurisdiction over the unprobated will claims.

---

[2]The Winfields originally sought to "set aside" an unprobated will allegedly executed by Jena. The trial court denied relief and the Winfields appealed. Pietsch moved to dismiss that portion of the appeal pertaining to the unprobated will based on a lack of subject matter jurisdiction. We agreed and on October 2, 2009, dismissed this appeal as it pertained to the validity of that will. Subsequent to the perfection of this appeal, that will was admitted to probate in Cause No. 2009-191-P in the County Court in and for Randall County. The Winfields did not contest the admission of that will, nor did they appeal the order admitting it to probate. Instead, they maintain that they did not have actual notice of the proceedings sufficient to contest the will when presented to the County Court. They do not address whether they had notice sufficient to contest the probate of that will by direct appeal, restricted appeal, or bill of review.

2

## I. No-Evidence Motion for Summary Judgment

On March 9, 2009, Pietsch filed a no-evidence motion for summary judgment. The Winfields responded with three affidavits. Dale Winfield's affidavit stated that, after their father's death, Jena indicated that she wanted her property to benefit all of her children and grandchildren and stated she wanted to benefit from her house during her lifetime. He also stated that Jena's handwritten journal indicated she had great love and affection for her daughter, Gloria Johnson, whom he believed Jena wanted to include in any transfer of her house. He stated that, during the time period wherein Jena decided to execute a will leaving all her property to Pietsch while excluding the Winfields and transferring her house to Pietsch, Jena was an elderly woman with "a propensity to engage in over consumption of wine" and "was taking pain medication."

Richard Naylor, the Winfields' counsel, executed an affidavit authenticating Jena's handwritten journal wherein she expressed affection for all her children and Shayla Coon executed an affidavit authenticating the time records of Bill Cornett, Jena's attorney. The billing records disclosed the following information, in pertinent part:

> 10/26/05--Drafted Special Warranty Deed, called our client to see if she wanted a life estate in home. She said she did, but she doesn't really understand exactly what documents she needs to have prepared. She was just wanting her daughters (sic) name on the deed with hers, actually both of her daughters (sic) names, Karen Sue Pietsch and Gloria Jean Johnson.

> 11/05/05--Prepared general warranty deed.

> 12/15/05--Conference with Jena Beth Winfield, discussed warranty deed. Prepared deed per Jena's instructions leaving off Gloria Johnson.

3

On April 22, 2009, Pietsch objected to evidence filed in support of the Winfields' response, i.e., the affidavits of Dale Winfield and Naylor's record affidavit appending portions of Jena's diary or journal. Pietsch objected to Dale Winfield's affidavit as being conclusory---containing speculation, legal argument, and unsubstantiated opinions without any supporting factual basis. She asserted Jena's diary or journal entries and Dale Winfield's affidavit had no relevance to Jena's mental state or thought processes at the time the deed was executed. Rather, Pietsch asserted the only evidence offered by the Winfields of Jena's mental capacity at the time of the execution of the general warranty deed was Bill Cornett's time records wherein he indicated he had a conference with Jena, discussed the warranty deed, and prepared the deed in question as per her instructions.

On May 4, 2009, the trial court issued its order granting summary judgment in Pietsch's favor and stated, in pertinent part, as follows:

> The Defendant having filed objections to the evidence offered in response to such motion, the Court finds that the objections filed by Defendant to the Evidence offered by Plaintiffs in Response to her no evidence motion for summary judgment are well taken and are hereby sustained, and

> The Court finds that Defendant's motion for summary judgment is well taken and the same is hereby granted, judgment entered that Plaintiffs, [the Winfields] take nothing by their cause of action, and that Defendant recover her costs of court expended herein from such Plaintiffs.

> From which judgment execution may issue. All other relief not expressly granted herein is hereby expressly denied.

4

## II.     Motion for New Trial

On May 27, 2009, the Winfields filed a motion for new trial based upon "newly discovered evidence" and attached the affidavits by Gloria Johnson and Yong Menkhoff. Gloria Johnson stated in her affidavit that, on May 19, 2009, she "had occasion to visit with Yong Menkhoff a hair stylist who had done [her] hair and [her] mother's . . . hair for many years prior to [her] mother's death." She further stated that, during the visit, she "learned for the first time that [Menkhoff] continued to cut/style [her] mother's hair until about one year before [her] mother's death."

In her affidavit, Yong Menkhoff stated that she styled Jena's hair from 1994 through 2008. During that time, Menkhoff became "well familiar with her." They "often discussed her children, family and what she would like to do with her property especially her house." After Jena's husband died, Jena told Menkhoff that she wanted her house to pass to her daughter, Gloria Johnson. In addition, Menkhoff noticed a change in Jena's behavior after her husband died, i.e., Jena began slurring her words, prompting Menkhoff to suggest that Jena see a doctor to find out if she was being over medicated.

Thereafter, the Winfields' motion for new trial was overruled by operation of law seventy-five days after the trial court signed its order granting summary judgment. *See* Tex. R. Civ. P. 329b(c); *Herrera v. Seton Northwest Hospital*, 212 S.W.3d 452, 462 (Tex.App.--Austin 2006, no pet.). This appeal followed.

### III.    Jurisdiction

On September 4, 2009, Pietsch filed a motion to dismiss the Winfields' appeal for want of jurisdiction asserting this Court lacked jurisdiction to hear the Winfields' appeal related to their claims pertaining to Jena's will.  Pietsch also asserted that the Winfields' claims related to the general warranty deed were moot because Jena's will divested the Winfields of any interest in Jena's estate and they failed to contest the admission of her will in a subsequently filed probate proceeding.  In a *per curiam* ruling, as to those claims pertaining to the validity of Jena's will, this Court vacated the judgment of the trial court and dismissed that portion of this appeal for want of jurisdiction.

## Discussion

The Winfields assert summary judgment in Pietsch's favor was improper because their evidence raised a fact issue whether Pietsch exerted an undue influence over Jena, or defrauded the Winfields, by obtaining Jena's signature on the general warranty deed conveying her residence to Pietsch, to the exclusion of the Winfields.  They also assert the trial court erred in denying their motion for new trial.  Finally, the Winfields urge this Court to reverse rather than vacate an "implied" ruling by the trial court on Pietsch's special exception contained in her answer that asserted the trial court lacked jurisdiction over the Winfields' will challenge.

## I. No-Evidence Summary Judgment

### A. Standard of Review

Because Pietsch's summary judgment motion was a no-evidence motion, we consider the evidence in a light most favorable to the non-movant; *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750 (Tex. 2003), *cert. denied*, 54 U.S. 1030, 124 S.Ct. 2097, 158 L.Ed.2d 711 (2004), while disregarding all contrary evidence and inferences. *Id.* at 751 (citing *Merrell Dow Pharms., Inc. v. Havner,* 953 S.W.2d 706, 711 (Tex. 1997)). "A no evidence point will be sustained when (a) there is a complete absence of vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact." *Id.* In sum, a no-evidence summary judgment is improperly granted if the respondent brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact. Tex. R. Civ. P. 166a(i); *Wal-Mart Stores, Inc. v. Rodriguez,* 92 S.W.3d 502, 506 (Tex. 2002).[3]

### B. Undue Influence and Fraud

The Winfields have the burden of proving undue influence was exerted in connection with the execution of the general warranty deed*. In re Estate of Woods*, 542

---

[3]Less than a scintilla exists when the evidence is "so weak as to do no more than create a mere surmise or suspicion" of a fact. *King Ranch*, 118 S.W.3d at 751 (citing *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983)). More than a scintilla of evidence exists when the evidence "rises to a level that would enable more reasonable and fair-minded people to differ in their conclusions." *Id.* (citing *Merrell Dow Pharms.*, 953 S.W.2d at 711)).

S.W.2d 845, 847 (Tex. 1976). Before an instrument may be set aside on grounds of undue influence, the contestant must prove: (1) the existence and exertion of an influence; (2) the effective operation of such influence so as to subvert or overpower the mind of the person at the time the person is executing the instrument; and (3) the execution of the instrument which the maker thereof would not have executed but for such influence. *Id.* (quoting *Rothermel v. Duncan*, 369 S.W.2d 917, 921 (Tex. 1963)).

As to their fraud claims, the Winfields also have the burden of proving fraud in connection with the execution of the general warranty deed. *King Ranch*, 118 S.W.3d at 751. The elements of fraud are: (1) that a material misrepresentation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without the knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury. *Aquaplex, Inc. v. Rancho La Valencia*, 297 S.W.3d 768, 774 (Tex. 2009) (quoting *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001)).

The Winfields submitted three affidavits in response to Pietsch's no-evidence motion for summary judgment. Two of the affidavits were not considered by the trial court due to relevancy and evidentiary objections. That is, the trial court sustained Pietsch's objections that the affidavits were irrelevant to Jena's state of mind at the time the deed was executed and were conclusory--containing speculation, legal arguments, and unsubstantiated opinions.[4] Thus, the only remaining affidavit supporting the

---

[4]The Winfields did not appeal the trial court's evidentiary ruling.

8

Winfield's response was the affidavit of Shayla Coon authenticating the time records of Bill Cornett, Jena's attorney, wherein Cornett indicated that, on November 26, 2005, Jena asked him to draft a warranty deed with her name and the names of both her daughters, Pietsch and Johnson, on the deed. And, on December 15, 2005, Cornett had a conference with Jena to discuss the deed wherein he was instructed by Jena to draft the deed "leaving off Gloria Johnson." This evidence merely indicates that, in the space of about a month and a half, Jena changed her mind regarding whether or not she wanted Johnson to be named on the deed. There was no evidence of Jena's state of mind at the time she met with her attorney to finally draft and execute the deed. Under these circumstances, we cannot say the Winfields raised a fact issue as to any element of either action--undue influence or fraud.

In order to find a fact issue exists, the Winfields assert that we should consider Menkhoff's affidavit filed with their motion for new trial. That we cannot do. In summary judgment proceedings, the Texas Rules of Civil Procedure state, in pertinent part, as follows:

> Except on leave of court, the adverse party, not later than seven days prior to the day of the hearing may file and serve opposing affidavits or other written response . . . [and] [t]he judgment sought shall be rendered forthwith if . . . (ii) the pleadings, admissions, affidavits, stipulations of the parties . . . *on file at the time of the hearing, or filed thereafter and before judgment with permission of the court*, show that . . . there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on issues expressly set out in the motion or in an answer or any other response. Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal.

Tex. R. Civ. P. 166a(c); (emphasis supplied).

9

Menkhoff's affidavit was first filed with the Winfields' motion for new trial. The affidavit was not on file at the time of the summary judgment hearing and the Winfields never requested permission to file the affidavit prior to judgment. Therefore, having been filed with the motion for new trial, Menkhoff's affidavit was not before the trial court at the time it granted summary judgment. As a result, we cannot consider Menkhoff's affidavit in our determination whether the Winfields raised an issue of fact precluding summary judgment. *White v. Wah*, 789 S.W.2d 312, 319 (Tex.App.--Houston [1st Dist.] 1990, no writ). *See First Gibraltar Bank, FSB v. Farley*, 895 S.W.2d 425, 430 (Tex.App.--San Antonio 1995, no writ). Accordingly, point of error one is overruled.

## II.     Motion for New Trial

### A.     Standard of Review

Whether a motion for new trial will be granted or denied is generally a matter addressed to the sound discretion of the trial court; *Jackson v. Van Winkle*, 660 S.W.2d 807, 809 (Tex. 1983), *overruled on other grounds by Moritz v. Preiss*, 121 S.W.3d 715, 721 (Tex. 2003), and when, as here, the motion is overruled by operation of law pursuant to Rule 329b(c) of the Texas Rules of Civil Procedure, the question becomes whether the trial court abused its discretion by allowing the motion to be overruled. *Herrera,* 212 S.W.3d at 462 (citing *Limestone Constr., Inc. v. Summit Commercial Indus. Props., Inc.*, 143 S.W.3d 538, 542 (Tex.App.--Austin 2004, no pet.)). This is a question of law. *Jackson*, 660 S.W.2d at 810.

A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner, or it acts without reference to any guiding principles of law. *Downer v.*

*Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241-42 (Tex. 1985). Moreover, every reasonable presumption will be made in favor of a trial judge's denial of a party's motion for a new trial. *Jackson*, 660 S.W.2d at 810; *Rivera v. Countrywide Home Loans, Inc.*, 262 S.W.3d 834, 844 (Tex.App.--Dallas 2008, no pet.).

### B. The Winfields' Motion

A party seeking a new trial on grounds of newly discovered evidence must demonstrate to the trial court that (1) the evidence came to his or her knowledge after the trial; (2) in the exercise of due diligence, the evidence could not have been produced earlier; (3) the newly discovered evidence is not cumulative; and (4) the evidence is so material that it would probably produce a different result in a new trial. *Waffle House, Inc. v. Williams,* 313 S.W.3d 796, 813 (Tex. 2010); *Jackson*, 660 S.W.2d at 809. Assuming without deciding whether the Winfields satisfied the first three criteria, we find the purported newly discovered evidence was not material and probably would not have altered the trial court's decision to permit the Winfields' motion to be overruled by operation of law pursuant to Rule 329b(c) of the Texas Rules of Civil Procedure.

"Where the trial court would have excluded the 'newly discovered evidence' for the same reasons it excluded other similar evidence during the proceedings, the trial court does not abuse its discretion in denying the motion for new trial." *Waffle House, Inc.*, 313 S.W.3d at 313. *See Rivera*, 262 S.W.3d at 845. Like Dale Winfield's affidavit, Menkhoff's affidavit indicates that, after Jena's husband died, Jena mentioned that she wanted her house to pass to Johnson and was taking medication--possibly causing her to slur her words. Like Dale Winfield's affidavit, Menkhoff's affidavit also contains

11

unsupported conclusions related to Jena's mental state. Further, Menkhoff's observations were limited generally to behavior exhibited by Jena *while she was at the salon to get her hair done* without any reference to Jena's state of mind at or around the time she executed the general warranty deed. Thus, this purported newly discovered evidence is consistent with evidence rejected by the trial judge during the summary judgment proceedings, and is not so material that it would probably produce a different result with regard to the summary judgment granted.[5] Accordingly, we cannot say the trial court abused its discretion by denying the Winfields' motion for new trial. Accordingly, point of error two is overruled.

### III.    Motion to Dismiss--Subject Matter Jurisdiction

The Winfields do not disagree with this Court's determination that the trial court lacked subject matter jurisdiction over the Winfields' challenge to Jena's will. Rather, they contend that this Court erred by *vacating* the trial court's judgment due to a lack of subject matter jurisdiction insofar as it pertained to the Winfields' will challenge instead

---

[5]*Limestone Const., Inc. v. Summit Commercial Indus. Properties, Inc.,* 143 S.W.3d 538 (Tex.App.--Austin 2004, no pet.) is of no assistance to the Winfields. In *Limestone*, a default summary judgment was granted against Summit by operation of law. *Id.* at 540. A new trial was subsequently granted because Summit's attorney filed an affidavit indicating he had no prior notice of the summary judgment motion or the hearing. *Id.* Being a default summary judgment, the *Limestone* court did not apply the elements for determining whether any evidence was newly discovered. *Id.* at 544-46. Rather, assuming the truth of the affidavit by Summit's attorney, the *Limestone* court held that it need not consider any subsequent evidence offered by Limestone refuting the affidavit's statements because Limestone did not request a hearing on Summit's motion for new trial. *Id.* at 546-47. Here, assuming the truth of Menkhoff's affidavit, her affidavit still does not offer any evidence of Jena's state of mind *at or around the day she executed the general warranty deed*.

of *reversing* the trial court's implied ruling erroneously denying Pietsch's jurisdictional challenge.

Importantly, the Winfields are mistaken in their assertion that the trial court's summary judgment impliedly denied Pietsch's special exception to the jurisdiction of the trial court contained in Pietsch's answer because the summary judgment stated that "[a]ll other relief not expressly granted herein is hereby expressly denied." To the contrary, in the absence of any indication in the record that the trial court actually ruled on the issue raised by the special exception, granting summary judgment does not imply a ruling on a special exception; *Tri-State Association of Credit Men v. Hinson*, 144 S.W.2d 881, 882 (Tex. 1940); *Franco v. Slavonic Mut. Fir. Ins. Ass'n*, 154 S.W.3d 777, 784-85 (Tex.App.--Houston [14th Dist.] 2004, no pet.); *Rosas v. Hatz,* 147 S.W.3d 560, 562-63 (Tex.App.--Waco 2004, no pet.), even if the judgment includes the statement that all relief not expressly granted is denied*. In the Estate of J.W. Tyner*, 292 S.W.3d 179, 185-86 (Tex.App.--Tyler 2009, no pet.). In the absence of a written order on the special exception, the special exception is waived. *Galien v. Washington Mutual Home Loans, Inc.,* 209 S.W.3d 856, 862 (Tex.App.--Texarkana 2006, no pet.).[6] Here, there is

---

[6]At oral argument, Winfields' counsel asserted that, in failing to bring her special exception before the trial court, Pietsch waived any objection she might have had to the trial court and/or this Court asserting subject matter jurisdiction over the Winfields' will challenge. Although Pietsch waived any remedy pursuant to her special exception before the trial court by proceeding to judgment without bringing the special exception to the trial court's attention, this waiver did not vest the trial court with jurisdiction, nor did it prevent her from subsequently filing a motion to dismiss on appeal premised on a lack of subject matter jurisdiction. Subject matter jurisdiction is fundamental; Federal Underwriters Exchange v. Pugh, 174 S.W.2d 598, 600 (Tex. 1943), cannot be waived; *In re Dep't of Family & Protective Servs.*, 273 S.W.3d 637, 642 (Tex. 2009) (citing *Alfonso v. Skadden*, 251 S.W.3d 52, 55 (Tex. 2008)), and can be raised at any time. *Tex. Ass'n of Bus. v. Tex Air Control Bd.*, 852 S.W.2d 440, 443-44 (Tex. 1993).

no evidence in the record that Pietsch either brought her special exception to the trial court's attention or that the trial court ruled on any special exception.

When a lower court lacks subject matter jurisdiction to hear a particular claim that is brought up on appeal, an appellate court is empowered to dispose of the claim on appeal by vacating the trial court's judgment and dismissing the case. Tex. R. App. P. 43.2(e). *See generally Marshal v. Housing Authority of the City of San Antonio*, 198 S.W.3d 782, 790 (Tex. 2006) (when subject matter jurisdiction was lacking, Supreme Court vacated the judgments of the court of appeals and trial court and dismissed the case). *See also Brown v. Fullenweider,* 52 S.W.3d 169, 171 (Tex. 2001); *Patterson v. Planned Parenthood of Houston and Southeast Texas, Inc.*, 971 S.W.2d 439, 444 (Tex. 1998). Further, when the trial court lacked subject matter jurisdiction over a portion of the claims asserted on appeal, an accepted method of disposition on appeal is to vacate only those portions of the lower court's judgment that are affected and dismiss the claims over which the appellate court lacks jurisdiction. *See Brooks v. Northglen Association*, 141 S.W.3d 158, 164 (Tex. 2003). Having considered the Winfields' contentions, we are unpersuaded that the appropriate disposition of Pietsch's motion to dismiss for lack of subject matter jurisdiction would have been to reverse the trial court's order of summary judgment rather than vacate the judgment only as to those claims pertaining to the validity of Jena's will and consider, on appeal, those claims over which the trial court and this Court had subject matter jurisdiction. Accordingly, point of error three is overruled.

## Conclusion

The trial court's judgment is affirmed.


Patrick A. Pirtle
Justice